**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 11 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

MICHAEL EUGENE ASHBY,

        Plaintiff-Appellant,

v.

MARK MCKENNA; RANDY TATE;
CROWLEY COUNTY
CORRECTIONAL FACILITY;
CROWLEY CORRECTIONAL
SERVICE LIMITED LIABILITY
COMPANY; CORRECTIONAL
SERVICES CORPORATION,

        Defendants-Appellees.

No. 02-1321

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### (D.C. No. 99-MK-1227 (OES))

Submitted on the briefs:

Michael Eugene Ashby, pro se.

Melanie B. Lewis of Hall & Evans, Denver, Colorado, for Defendants-Appellees.

Before **HARTZ**, **O'BRIEN**, and **McCONNELL**, Circuit Judges.

**McCONNELL**, Circuit Judge.

Plaintiff Michael Ashby appeals from a district court order dismissing his suit with prejudice as a sanction for discovery abuse pursuant to Fed. R. Civ. P. 37(a)(2)(B). [1] We review for abuse of discretion. *Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1182 (10th Cir. 1999) (reviewing discovery sanction); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) (reviewing sanction of dismissal). "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings." *Kiowa Indian Tribe v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998). The district court imposed the ultimate sanction of dismissal based on Ashby's recalcitrance with respect to discovery. As explained below, the district court based its decision to sanction, in part, on an erroneous legal conclusion regarding Ashby's refusal to be deposed absent court order. However, in light of the discretionary authority the district judge has over trial court sanctions, it is not for this appellate court to decide in the first instance whether or what sanctions should be imposed on Ashby for other discovery violations and, thus, we remand for further consideration of the matter. *See*

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

*Orner v. Shalala*, 30 F.3d 1307, 1309-10 (10th Cir. 1994); *True Temper Corp. v. CF&I Steel Corp.*, 601 F.2d 495, 509 (10th Cir. 1979).

Progress in the litigation was slowed not only by the contentious discovery proceedings, but also by a dispute over the existence/designation of defendant Crowley Correctional Services Limited Liability Company (Crowley LLC), which did not file an answer until some nineteen months into the case. In the meantime, Ashby sought a default judgment against Crowley LLC, which was denied long before the case was dismissed under Rule 37. On appeal, Ashby challenges this interlocutory ruling as well. We review the matter for abuse of discretion, *see Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997), and affirm the district court for reasons explained below.

### Dismissal under Rule 37

Ashby commenced this action for damages under 42 U.S.C. § 1983, alleging that while he was confined in a Colorado prison facility operated by defendants, he ate food contaminated with pieces of glass and incurred internal injuries as a result. Defendants sought to discover information relevant to Ashby's allegations by obtaining his medical records and by taking his deposition. Ashby's response to these efforts formed the basis for the district court's dismissal of his case.

The rule governing depositions provides in relevant part:

(1) A party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph (2). . . .

(2) A party must obtain leave of court . . . if the person to be examined is confined in prison . . . .

Fed. R. Civ. P. 30(a). Invoking the plain language of the rule, Ashby insisted that defendants obtain a court order permitting them to depose him in prison. The magistrate judge recommended sanctions for Ashby's refusal to be deposed without court order. The magistrate judge gave two reasons for this conclusion: (1) as the party bringing the action, Ashby could not "avoid the inevitability of a deposition" and was "required by the rules to cooperate with such discovery," and (2) Ashby's current custodian did not require a court order before making inmates available for depositions. R. doc. 193 at 7.

The district court adopted the magistrate judge's recommendation. The court observed that "Plaintiff has repeatedly engaged in tactics which are designed to delay determination of this matter on the merits in an expeditious and economical matter." R. doc. 198 at 4. Noting the dilatory manner in which Ashby had prosecuted his case, the district court observed that the "Magistrate Judge repeatedly instructed the Plaintiff to narrow overbroad and burdensome requests and subpoenas" and that "[t]he most recent of these concerned the Plaintiff's  fifth  set of requests for admissions."     *Id.* at 2 (emphasis in original).

-4-

Although the district court noted that the "matter at issue [in its sanction order] concerns the Defendant's request for Plaintiff's medical records[,]" it also noted that at issue were the facts that Ashby "refused to provide a written release [for the medical records] *and* refused to cooperate in setting his deposition." *Id.* (emphasis added).

We can understand the magistrate judge's frustration with a litigant who is so quick to complain of the opposing party's supposed failures to meet discovery obligations and so slow to meet his own, and whose litigation tactics threaten to clog the administration of justice. Moreover, it seems unfair and abusive for a plaintiff to file a lawsuit and then refuse to make himself available for reasonable questioning regarding his claims. Where, as here, prison administrators have no objection to scheduling a prisoner's deposition, the apparent purpose of the Rule seems to be satisfied without the formality of a court order. *See Kendrick v. Schnorbus*, 655 F.2d 727, 728 (6 th Cir. 1981) (suggesting that the apparent purpose of the rule is to "prevent unnecessary disruption of the administration of the penal institution"). Nonetheless, the plain language of Rule 30(a) requires "leave of court" when the deponent is confined in prison. There is no exception for a prisoner plaintiff. Defendants failed to obtain leave of court to depose Ashby. Accordingly, whatever his motives may have been, Ashby was within his

rights under Rule 30(a) in refusing to be deposed without court order. His refusal cannot serve as a basis for sanction.

On appeal, defendants cite no case law suggesting that the directive in Rule 30(a)(2) does not apply in the case of a prisoner plaintiff. On the contrary, cases in other circuits confirm that Rule 30(a) requires a court order when defendants seek to depose a prisoner plaintiff. *See Kendrick v. Schnorbus*, 655 F.2d 727, 728-29 (6 th Cir. 1981); *Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 578 (N.D. Tex. 2002); *Miller v. Bluff*, 131 F.R.D. 698, 699-700 (M.D. Pa. 1990); *see also* WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE CIVIL 2D: § 2104 (2d ed. 1994); 10 F ED. PROC. L. ED. § 26:268 (2003). Parties seeking to depose a prisoner must *first* obtain a court order, and only then, if the prisoner refuses to cooperate with the ordered deposition, are sanctions available. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (affirming dismissal of suit based on prisoner plaintiff's refusal to cooperate with deposition ordered by court on defendants' motion under Rule 30(a)(2)).

As noted above, Ashby was sanctioned for the recalcitrance seen in his resistance to both his deposition *and* the discovery of his medical records. Nothing Ashby argues on appeal justifies or excuses his lack of cooperation in the latter respect. However, because the district court's determination of whether and (perhaps more pointedly) how severely to sanction Ashby relied on his perceived

misconduct in the aggregate rather than in the alternative, we are left with a ruling that rests in part on legal error.

This court has noted on numerous occasions that an erroneous rationale is not necessarily fatal to a decision under review, if there is an alternative ground for affirming the result reached. However, our authority in this regard is limited in accord with our institutional role as an appellate court, which may give plenary consideration solely to matters of law: we may rely on alternative grounds only "'for which there is a record sufficient to permit conclusions of law.'" *Dist. 22 United Mine Workers of Am. v. Utah*, 229 F.3d 982, 990 (10 th Cir. 2000) (quoting *United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10 th Cir. 1994)); *Scott v. Hern*, 216 F.3d 897, 918 (10 th Cir. 2000) (quoting *Griess v. Colorado*, 841 F.2d 1042, 1047 (10 th Cir. 1988)). Thus, with respect to a matter committed to the district court's discretion, we cannot invoke an alternative basis to affirm unless we can say as a matter of law that "it would have been an abuse of discretion for the trial court to rule otherwise." *Orner*, 30 F.3d at 1310 (quotation omitted).

Considering just the discovery conduct the district court properly deemed unjustified, we cannot say the only legally permissible exercise of its discretion would be to dismiss the case–though it is not for us to gainsay that result either. Hence, we must allow the district court to "exercise its discretion anew" in light of the legal circumstances clarified by this opinion. *True Temper Corp.*, 601 F.2d

at 509. In short, "because the district court erroneously believed that it had two reasons to sanction [Ashby] and not just one, we must remand so that the court can consider whether the [sanction imposed] was too high for the offense." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9 th Cir. 1990) (en banc).

**Entry of Default**

Ashby argues that he should have been granted an entry of default against defendant Crowley LLC for "fail[ure] to plead or otherwise defend," pursuant to Fed. R. Civ. P. 55(a). Ashby asked the clerk to enter the default while a motion to dismiss the defendant was still pending. The clerk denied the request in a docket note explaining that an answer would not be due from Crowley LLC until ten days after it received notice that the motion to dismiss had been denied. *See* Fed. R. Civ. P. 12(a)(4). Ashby filed a motion to vacate the clerk's note, which the magistrate judge denied in a minute order. He then filed an objection to the magistrate judge's order, but, perhaps because the appropriate means to challenge the order would have been by way of a request for reconsideration rather than objection, *compare* 28 U.S.C. § 636(b)(1)(A) *with id.* § 636(b)(1)(C), the district court never addressed the matter before dismissing the entire action without qualification several months later. As the latter disposition effectively

foreclosed the relief Ashby sought by way of default, however, we consider the matter to be properly before us for review.

We review decisions regarding default judgments for abuse of discretion. *Dennis Garberg & Assocs., Inc.*, 115 F.3d at 771 . Given the circumstances described above, however, we lack a decision from the district court actually reflecting the exercise of its discretion over this matter. From what we said earlier regarding the limits of an appellate court's authority to fashion its own rationale for a decision entrusted in the first instance to the discretion of the district court, such a non-decision presents obvious complications. Nevertheless, given the prescriptive guidance of the applicable rules of procedure, we can say with confidence that an entry of default against Crowley LLC, before it had any obligation to file an answer, would have been incorrect as a matter of law. *See generally Moomchi v. Univ. of N.M.*, No. 95-2140, 1995 WL 736292, at \*\*1 (10th Cir. Dec. 8, 1995) (unpub.) (discussing interplay between Fed. R. Civ. P. 55 and Fed. R. Civ. P. 12(a)(4)). [2] Thus, as "it would have been an abuse of discretion for the trial court to rule otherwise," *Orner*, 30 F.3d at 1310 (quotation

---

[2] We refer above to the unpublished *Moomchi* decision because it provides a helpful summary and practical illustration of the interrelated procedural rules which govern our disposition. We do not mean to imply that the decision itself is binding; under our local rules, it is not. *See* 10th Cir. R. 36.3(A).

omitted), we may affirm the district court's *sub silentio* refusal to vacate the clerk's note and enter a default judgment against Crowley LLC.

In sum, we hold that Ashby's request for entry of default against Crowley LLC was properly denied prior to the dismissal of the case as a sanction under Rule 37. The latter disposition, however, cannot stand on the rationale expressed by the district court, though it may yet be a permissible exercise of that court's discretion in response to Ashby's unjustifiable resistance to the discovery of his medical records. We therefore vacate the order of dismissal and remand for further proceedings, including reconsideration of the issue of sanctions, consistent with the principles discussed herein. Finally, we note Ashby attempts to interject additional issues into this appeal by way of his reply brief. Under settled and self-explanatory circuit precedent, these matters are deemed waived. *See, e.g.*, *Stump v. Gates*, 211 F.3d 527, 533 (10 th Cir. 2000); *Reazin v. Blue Cross & Blue Shield of Kan., Inc.*, 899 F.2d 951, 979 n.43 (10 th Cir. 1990); *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10 th Cir. 1990).

The judgment of the United States District Court for the District of Colorado is VACATED and the case is REMANDED for further proceedings consistent with this opinion. The motion to supplement the record is denied.