**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 12 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

VEENA MALIK,

Plaintiff-Appellant,

v.

7/ELEVEN STORE NO. 27875;
SHEILA (LNU), Manager; RUSS
NEILSON, Senior Field Consultant;
JOSEPH GALLEGOS, Director, Anti-
Discrimination & Labor Division,

Defendants-Appellees.

No. 03-4052

(D.C. No. 2:02-CV-1175-PGC)

(D. Utah)

ORDER AND JUDGMENT  *

Before **EBEL** , **HENRY** , and **HARTZ** , Circuit Judges.

In September 1998 Plaintiff Veena Malik, now appearing pro se, filed an

employment discrimination claim with the Utah Anti-Discrimination and Labor

Division (UALD).  On October 23, 1998, she lost her job.  Exactly three years

---

*After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

later, Plaintiff received a right-to-sue letter from the federal Equal Employment Opportunity Commission. Less than 90 days after having received that letter, Plaintiff filed suit in federal court. That suit, however, was dismissed when Plaintiff repeatedly failed to serve process in compliance with Federal Rule of Civil Procedure 4.

Approximately three months later, Plaintiff filed this action in the United States District Court for the District of Utah. In her complaint Plaintiff alleged that her employer, 7-Eleven Store No. 27875, and two of its employees (1) had discriminated against her on the basis of both her age and her race in violation of federal anti-discrimination statutes, and (2) had committed offenses redressable under state law. She also alleged that the Director of the UALD (the Director) had acted unlawfully in processing her 1998 claim.

Instead of answering the complaint, each Defendant moved to dismiss. Because of their failures to answer, Plaintiff moved for default judgment against two Defendants. The district court denied Plaintiff's motions, explaining that an answer would not be required until after the court ruled on the pending motions to dismiss. *See* Fed. R. Civ. P. 12(a)(4).

The district court then dismissed all claims asserted against the 7-Eleven Defendants. First, it explained, Plaintiff's federal employment discrimination claims arose under either Title VII of the Civil Rights Act of 1964, 42 U.S.C.

2000e et seq., the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, or 42 U.S.C. § 1981. Under both Title VII and the ADEA, a plaintiff must file a complaint within 90 days of having received a right-to-sue letter, *see* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). Because Plaintiff initiated this suit more than a year after having received her letter, the district court found her Title VII and ADEA claims to be barred.

Although not subject to the same 90-day limitation, the district court also found that Plaintiff's § 1981 claims were barred. It explained that actions under § 1981 are subject to the same limitations period applicable to comparable tort actions under state law, *see generally Harris v. Allstate Ins. Co.*, 300 F.3d 1183 (10th Cir. 2002), which in Utah is four years, *see* Utah Code Ann. § 78-12-25(3). The latest possible date on which Plaintiff may have been discriminated against, it reasoned, was October 23, 1998, the day she lost her job. Because that was more than four years before Plaintiff filed this action, her § 1981 claims were barred. After having dismissed all the federal claims under Federal Rule of Civil Procedure 12(b)(6), the court found it inappropriate to retain jurisdiction over the remaining state claims against these defendants and dismissed them without prejudice.

The claims against the Director were dismissed on the ground of judicial immunity. The court reasoned that while the Director is not in fact a judicial

-3-

officer, he "conducts hearings, reviews evidence, and determines the validity of employment discrimination claims," duties that the court characterized as undeniably "'functionally comparable' to those of judges." *Malik v. 7/Eleven Store No. 27875*, No. 2:02CV1175 PGC, slip op. at 2-3 (D. Utah Feb. 13, 2003). Because Plaintiff's claims challenged the Director's conduct with respect to his performance of those duties, the Director was held to be immune from suit.

Plaintiff's brief on appeal is difficult to decipher. We interpret it very generously in her favor. With respect to the court's denial of default judgment, she appears to argue that (1) the employee-defendants never replied to her complaint, or (2) any reply should have been disregarded because she never received a copy. As for the statute of limitations, Plaintiff seems to argue that either (1) it is not implicated because this case is merely a continuation of her first case, a case that was timely filed, or (2) her legal inexperience should excuse the untimely nature of her claims. Finally, she asserts that the Director was not entitled to judicial immunity, because having disregarded applicable laws and procedures, he cannot be said to have been acting in a judicial or semi-judicial capacity.

"We review de novo the district court's grant of a 12(b)(6) motion to dismiss." *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002) (internal quotation marks omitted). Decisions regarding default

judgments and dismissals of pendent state claims, however, will not be disturbed absent an abuse of discretion. *See Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003) (default judgment); *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1550 (10th Cir. 1996) (pendent state claims).

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm for substantially the same reasons set forth in the district court's order of February 13, 2003. We add only a brief comment on Plaintiff's apparent request for equitable tolling of the limitations period because of her unfamiliarity with the law. We have specifically held that a litigant's ignorance of the law does not "warrant the extreme and limited remedy of equitable tolling." *Gatewood v. R.R. Ret. Bd.*, 88 F.3d 886, 890 (10th Cir. 1996). To the extent that Plaintiff's motions to this court seek relief (as opposed to providing the court with supplemental legal authority or correcting prior pleadings), those motions are denied. We grant the 7-Eleven Defendants' motion to supplement the record on appeal filed April 28, 2003.

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-5-