**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DEBRA APPLEWHITE,

      Plaintiff-Appellant,

v.

CARI M. DOMINGUEZ, Chairwoman,
Equal Employment Opportunity
Commission,

      Defendant-Appellee.

No. 03-1411
(D.C. No. 00-MK-1373 (MJW))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **HARTZ** , **McKAY** , and **PORFILIO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Debra Applewhite, who for the most part proceeded pro se in district court, [1] sued her former employer, the United States Equal Employment Opportunity Commission (EEOC), alleging racial and disability discrimination, harassment, retaliation and failure to accommodate her disability under Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973 and the Administrative Procedures Act. [2] The district court granted the EEOC's motion to dismiss five claims for failure to exhaust administrative remedies and granted its motion for summary judgment on the other claims. Ms. Applewhite appeals. We exercise jurisdiction under 28 U.S.C. § 1291, and we affirm.

In her amended complaint, Ms. Applewhite alleged the following legal and factual issues: (1) she was discriminated against on the basis of race and disability; (2) she was wrongfully terminated after she was given a two-year temporary assignment instead of a permanent assignment; (3) she was deceived into believing she was required to disclose her disability to be considered for employment with the EEOC and was misguided regarding personnel actions; (4) she was tricked into giving up a career appointment and accepting a temporary

[1]     Ms. Applewhite was represented by court-appointed counsel later in the proceedings. Specifically, counsel prepared and filed objections to the magistrate judge's recommendation that the EEOC's motion for summary judgment be granted and participated in the final pretrial order.

[2]     Although the named defendant in the action is the chairwoman of the EEOC, Cari M. Dominguez, we refer to the defendant as the EEOC.

assignment; (5) she was prevented from competing for promotions based on her temporary assignment; (6) her managers failed to accommodate her disability and instead terminated her employment; (7) the EEOC breached confidentiality with respect to her disability and employment matters; (8) she did not receive a hearing or thorough administrative investigation of her complaints; (9) she was not converted to competitive service, although a Caucasian comparator with less time in grade was; (10) she was terminated after complaining of unfair treatment and harassment and filing complaints; (11) she was required to disclose a mental disability; (12) her doctor requested an accommodation; (13) the EEOC set up a plan to terminate her employment; (14) she was assigned a greater workload than other employees; (15) she was held to a higher standard of performance than other employees; (16) she was retaliated against because she sustained an on-the-job injury; (17) the on-the job injury was intentionally caused without regard to her disability; (18) her employment was terminated based upon a false character record; (19) other positions existed which would accommodate her disability; (20) a Hispanic employee with prior United States Postal Service employment was given a career appointment, but she was not; (21) she was deprived of due process prior to her termination; (22) she was deprived of the right to pursue relief with the Merit Systems Protection Board; and (23) the EEOC failed to correct her improper appointment to one which would have entitled her to due process rights.

Citing Fed. R. Civ. P. 12(b)(1) and (6), the EEOC filed a motion to dismiss the following five claims for failure to exhaust administrative remedies: (1) she was tricked into (a) giving up a career appointment to accept a trial appointment with the EEOC and (b) disclosing a disability; (2) the EEOC prevented her from competing for promotions; (3) the EEOC breached confidentiality concerning her disability; (4) she was denied a hearing before her termination; and (5) the EEOC interfered with her efforts to avail herself of the Merit Systems Protection Board. The district court adopted the magistrate judge's recommendation to grant the motion. Thereafter, the EEOC failed to file an answer. At Ms. Applewhite's request, the district court clerk entered a default pursuant to Fed. R. Civ. P. 55(a). The district court, adopting the magistrate judge's recommendation, however, denied her motion for default judgment and granted the EEOC's motion to set aside the entry of default and permitted the agency to file an answer.

After filing an answer, the EEOC filed a motion for summary judgment on the remainder of Ms. Applewhite's claims. The district court adopted the magistrate judge's recommendation to grant the motion.[3] In doing so, the district court determined that (1) there were no genuine issues of material fact on her claim that she was not selected for the investigator position based on race,

---

[3] Ms. Applewhite did not object to the magistrate judge's recommendation that the failure to promote claim be dismissed. The district court therefore did not review this claim.

because the EEOC official who made the hiring decision was not aware she had applied and because only competitive applicants were considered for the position; (2) there were no genuine issues of material fact concerning her race-based hostile work environment claim, because no evidence showed she was subject to pervasive or severe harassment or that she was harassed on the basis of race; (3) she failed to establish a prima facie case of race discrimination concerning her claim that the EEOC failed to convert her employment to competitive service; (4) she had no disability within the meaning of the Rehabilitation Act for her complaints of a stressful job, which subjected her to criticism; (5) reasonable accommodation was not possible as a matter of law; (6) she was terminated because she was not performing her essential job functions and there were no genuine issues of material fact concerning the reasons she was terminated; (7) she had not shown she was not selected for the investigator position due to retaliation, because she had not submitted any discrimination complaints to the EEOC before the position was filled and because the person who made the hiring decision did not know she had applied for the position; (8) her termination was based on many performance deficiencies brought to her attention during the course of her employment; and (9) she did not establish a prima facie case of retaliation or genuine issues of material fact.

On appeal, Ms. Applewhite, who is proceeding pro se, challenges the three district court's decisions as follows: (1) the district court should have considered all of the evidence in the record; (2) the district court should have appointed competent counsel for her from the time she filed her case in order to provide her with adequate representation; (3) the district court precluded her from presenting all of her claims and improperly dismissed claims for failure to exhaust administrative remedies, even though she had alleged that the EEOC violated administrative procedures; (4) the district court improperly denied her a default judgment against the EEOC; (5) the district court failed to liberally construe her pro se pleadings; (6) the district court showed prejudice by stating that she failed to present competent evidence; (7) the district court failed to consider that her claim before the United States Department of Labor was decided in her favor; (8) the district court decided disputed factual issues, including whether she was disabled and had a record of disability and whether she had engaged in the interactive process with the EEOC regarding her request for accommodation; (9) the district court failed to consider that she was a career employee with the United States Postal Service before being hired at the EEOC and that the EEOC did not obtain written confirmation that she was giving up career status; (10) the district court did not consider the Employee Personnel Department guidelines for hiring disabled persons or that the guidelines were not applied by the EEOC;

(11) the district court failed to consider that EEOC headquarters had sent managers to investigate discrimination in the Denver EEOC office, where she had worked; and (12) the district court worked in concert with the EEOC attorneys to cover-up this case because there are elements of criminal conduct.

We review de novo the district court's Rule 12(b)(1) and (6) dismissal of the unexhausted claims. *See U S West, Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999) (Rule 12(b)(1)); *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (Rule 12(b)(6)). We review the district court's decision to deny default judgment for an abuse of discretion. *See Ashby v. McKenna*, 331 F.3d 1148, 1149, 1152 (10th Cir. 2003).

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. We review a grant of summary judgment *de novo*, applying the same standard as the district court. We examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine whether the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion.

*Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quotation omitted).

Having reviewed the briefs, the record and the applicable law pursuant to these standards, we conclude that Ms. Applewhite has asserted no reversible error on appeal concerning the district court's grant of the EEOC's motion to dismiss,

denial of her motion for default judgment, and grant of the EEOC's motion for summary judgment. We therefore AFFIRM the challenged district court decisions for substantially the same reasons stated by that court in its thorough orders of April 10, 2001; October 11, 2002; and July 15, 2003. *See* R., vol. I, doc. 39; *id.* vol. II, doc. 78, 126. In affirming, we specifically note that the district court carefully considered all relevant evidence presented.

We reject Ms. Applewhite's argument that the district court should have appointed counsel for her from the time she filed her case. Ms. Applewhite had no constitutional or statutory right to appointed counsel. *See Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). Nonetheless, on October 23, 2000, the district court granted her motion for appointment of counsel within three days of its filing, directed the court clerk to make a good faith effort to secure pro bono counsel, and directed that the case would proceed pro bono until counsel was secured. The court clerk's efforts to obtain pro bono counsel, however, were unsuccessful until January 7, 2003. Ms. Applewhite does not indicate how she was prejudiced by this delay, how she would have proceeded differently with the case if counsel had been appointed sooner, or what the court clerk could have done to obtain counsel sooner. Although there was time to do so, appointed counsel did not file an amendment to her pro se response to the motion for summary judgment. Under the circumstances, we conclude she has not

shown that the district court abused its discretion. *Cf. id.* (recognizing district court has extremely broad discretion in deciding whether to appoint counsel in employment discrimination case).

Contrary to Ms. Applewhite's argument, the magistrate judge's summary judgment recommendations and the district court's default judgment and summary judgment orders state, and clearly reflect, that her pleadings were liberally construed, *see* R., vol. II, doc. 78 at 1; *id.* doc. 104 at 17-18; *id.* doc. 126 at 9, just as we have liberally construed her appellate brief and district court pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Although we afford liberal construction, we "will not construct arguments or theories for [Ms. Applewhite] in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). She has failed to discuss any of her issues on appeal and has failed to provide record cites or legal authority to support her bare assertions. *See* Fed. R. App. P. 28(a)(9)(A) (requiring appellant's brief to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Also, her attempt to adopt arguments made in her district court filings is unacceptable appellate argument. *See Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 625 (10th Cir. 1998). Accordingly, we

conclude Ms. Applewhite's conclusory assertions are insufficient for us to consider the issues. *Cf. Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (deciding that where appellant "fail[ed] to frame and develop an issue," there was insufficient basis to invoke appellate review); *Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1558 n.1 (10th Cir. 1992) (deciding that issue mentioned on appeal, but not addressed, is waived), *modified on other grounds on reh'g*, 995 F.2d 992 (10th Cir. 1993).

Nonetheless, as indicated above, we have reviewed the record, and conclude the district court should be affirmed. Furthermore, our careful review of the record fails to show any evidence supporting Ms. Applewhite's conclusory assertions that the district court was prejudiced against her or that the district court worked in concert with the EEOC attorneys to cover-up any wrongful actions by the EEOC. Accordingly, we reject these unsupported assertions. Finally, we reject any other arguments made by Ms. Applewhite not specifically addressed in this order and judgment.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Monroe G. McKay
Circuit Judge