**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

VANESSA G. LYONS CALVIN,

     Plaintiff - Appellant,

v.

HANK CHANG; SOUTHWEST
ABSTRACT & TITLE CO.; BANCFIRST;
JEFF L. BREWER; ROBIN J. BREWER;
SCOTT PRUITT; FRED SMITH;
GERALD F. NEUWIRTH; JOHN W.
DOOLIN; VICKIE LEYJA; SHIRLEY
ANN LYONS; NATIONWIDE
ADVANTAGE MORTGAGE
COMPANY; MARKET ONE REAL
ESTATE FIRM; FNU CHANG,

     Defendants - Appellees.

_____

VANESSA G. LYONS CALVIN,

     Plaintiff - Appellant,

v.

STATE OF OKLAHOMA; SHIRLEY
ANN LYONS, in her individual and
official capacity; JOHN W. DOOLIN, Bar
#2427, in his individual and official
capacity; VICKIE LEYJA, Bar #17527, in
her individual and official capacity;
COMANCHE COUNTY DISTRICT
ATTORNEY'S OFFICE; GERALD F.
NEUWIRTH, in his individual and official
capacity as District Judge; MARKET ONE
REAL ESTATE FIRM; HANK CHANG,

No. 17-6150
(D.C. No. 5:16-CV-01225-HE)
(W.D. Okla.)

No. 17-6175
(D.C. No. 5:17-CV-00610-HE)
(W.D. Okla.)

in his individual and official capacity; FNU
CHANG, Mrs. Hank Chang in her
individual and official capacity; JEFF L.
BREWER, in his individual and official
capacity; ROBIN J. BREWER, in her
individual and official capacity; BREWER
LIVING TRUST 2008; NATIONWIDE
ADVANTAGE MORTGAGE
COMPANY; SOUTHWEST ABSTRACT
& TITLE COMPANY; BANCFIRST,

     Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

We have consolidated these appeals for disposition. Plaintiff Vanessa G.

Lyons Calvin filed two actions pro se in the Western District of Oklahoma. Each

action asserted claims against Shirley Ann Lyons and other defendants arising from

state-court probate proceedings involving the estate of Ms. Calvin's father, Jimmie

Lyons.

In No. 17-6150, Ms. Calvin appeals the dismissal of her Second Amended

Complaint asserting claims under 42 U.S.C. § 1983, assorted other federal statutes,

and state law. In No. 17-6175, she appeals the dismissal of her complaint seeking

---

[*] After examining the briefs and appellate records, this panel has determined
unanimously that oral argument would not materially assist in the determination of
these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

criminal charges against Ms. Lyons. Because the district court properly dismissed each action, we affirm.

We review the district court's dismissal of a complaint for lack of jurisdiction de novo. *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 877-78 (10th Cir. 2017). In conducting our review we accept the complaint's factual allegations as true. *See id.* at 878. The basis for federal jurisdiction must appear on the face of a well-pleaded complaint. *See Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012).

We also review de novo a dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Safe Streets All.*, 859 F.3d at 878.

> A pleading is required to contain a short and plain statement of the claim showing that the pleader is entitled to relief. We accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff. We then determine whether the plaintiff has provided enough facts to state a claim to relief that is plausible on its face.

*Id.* (citations and internal quotation marks omitted).

We construe Ms. Calvin's pro se filings liberally, but do not serve as her advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

**No. 17-6150**

The district court dismissed Ms. Calvin's amended complaint, concluding that it failed to allege a basis for federal question jurisdiction; and that, assuming that she had made a prima facie showing of diversity jurisdiction, its factual allegations were insufficient to state a claim. It also dismissed with prejudice Ms. Calvin's claims against the Oklahoma Attorney General and the District Attorney of Comanche

3

County, based on Eleventh Amendment or sovereign immunity; and her claims against a state-court judge, based on judicial immunity.

Ms. Calvin then filed her Second Amended Complaint. The defendants again moved to dismiss, arguing that Ms. Calvin had failed to cure the deficiencies identified in the amended complaint. The district court granted their motions to dismiss. Specifically, it concluded the Second Amended Complaint "fail[ed] to state a colorable federal claim such as might be the basis for federal question jurisdiction." R. at 78. Further, to the extent the Second Amended Complaint relied on diversity jurisdiction, or supplemental jurisdiction over state law claims, it failed to state a claim against any defendant. To the extent it sought injunctive relief at odds with the orders of the state probate court, the district court found that it lacked jurisdiction over the complaint, under the "probate exception" to federal jurisdiction. *See, e.g.*, *Marshall v. Marshall*, 547 U.S. 293, 312 (2006). The district court noted the injunctive claims for relief were also likely barred by the *Rooker—Feldman* doctrine. It also denied leave to amend, finding that granting such relief would be futile.

Our independent review of the Second Amended Complaint persuades us that the district court's dismissal was entirely appropriate. In addition to the deficiencies noted by the district court, the Second Amended Complaint does not contain a short and plain statement of the grounds for relief. Instead, it is full of boilerplate assertions about federal jurisdiction, including extensive summaries of Supreme Court decisions. It also attempts to incorporate by reference the allegations of the

4

prior, dismissed complaint. We therefore affirm the district court's dismissal of the Second Amended Complaint.

Ms. Calvin makes several specific arguments that we will address briefly. She argues that the district court erred in concluding that the Oklahoma Attorney General and an Oklahoma district attorney were entitled to "11th amendment judicial immunity," and that "the state and the district #5 and the Comanche county judge have judicial immunity." Aplt. Opening Br. at 20. Her argument conflates the Eleventh Amendment and judicial immunity doctrines. More importantly, she fails to identify facts sufficient to establish that the state-court judge lost judicial immunity, either by taking non-judicial actions or by taking actions "in the complete absence of all jurisdiction," *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam).

Ms. Calvin contends the district court erred by determining "that the case is a probate matter and erred by not making any ruling or deciding on any [of] the issues of fact in the action for relief from any damages for civil rights violations. . . ." Aplt. Opening Br. at 21. She argues that a federal court of equity retains jurisdiction to entertain suits in favor of legatees or heirs of an estate, notwithstanding any limitation on its probate jurisdiction. The district court's jurisdictional ruling was narrow; it found it lacked jurisdiction only "to the extent [the complaint] seeks injunctive relief at odds with the orders of the state probate court." R. at 79. The probate exception bars those requests for injunctive relief that would represent an attempt to conduct probate proceedings or administer a decedent's estate, or would "endeavor[] to dispose of property that is in the custody of a state probate court."

5

*Marshall*, 547 U.S. at 312. The district court's order could extend no further than the limits of the exception. But the district court also determined, more generally, that "no basis for injunctive relief has been stated." R. at 80. We agree with this determination.

Finally, Ms. Calvin argues that the district court "erred in not allowing the signature of the deputy clerk to process the default judgments filed against the defendants/appellees." Aplt. Opening Br. at 22. In its order dismissing the Second Amended Complaint, the district court denied her motions for entry of default or default judgment against the defendants based on their failure to timely answer her complaint. *See* R. at 80. Each of the defendants except Jeff L. Brewer, Robin J. Brewer, and Southwest Abstract and Title Company ("non-moving defendants"), had filed motions to dismiss in response to her complaints, which were granted, thus obviating the need for an answer to the complaint. *See* Fed. R. Civ. P. 12(a)(4). These defendants therefore did not "fail[] to plead or otherwise defend" within the meaning of Fed. R. Civ. P. 55(a). *See Ashby v. McKenna*, 331 F.3d 1148, 1151-52 (10th Cir. 2003) (internal quotation marks omitted) (discussing interplay between Fed. R. Civ. P. 55 and 12(a)(4)).

As for the non-moving defendants, we discern no error in the district court's denial of Ms. Calvin's requests for entry of default or default judgment against them. The same reasons that supported dismissal of the claims in the Second Amended Complaint against the defendants who moved to dismiss also supported judgment in favor of the non-moving defendants. Having properly dismissed all claims against all

6

defendants, the district court was not required to grant requests for entry of default or default judgment.

**No. 17-6175**

Ms. Calvin commenced a separate action with a "Motion for Criminal Charges Against Shirley Ann Lyons for Bigimist [sic] Activity and the Attorney's [sic] at Law, Vickie C. Leyja . . . and John W. Doolin . . . for Concealing and Protecting Bigimist [sic] Activity." R. at 6. She also later filed an amendment to her motion/complaint. Before service on the defendants, the district court dismissed the complaint sua sponte, and denied leave to amend.

In its order, the district court applied essentially the same reasoning as in the dismissal before us in No. 17-6150. It concluded that Ms. Calvin had failed to state valid federal or state claims against the defendants, that the court lacked subject-matter jurisdiction over most or all of her claims, and that a private litigant could not seek to enforce a criminal bigamy law by a civil action of this type. Given that this was the third case Ms. Calvin had filed involving substantially identical claims, the district court found it appropriate to dismiss without leave to amend.

Having reviewed the record, Ms. Calvin's appellate brief, and the applicable law, we affirm the dismissal in this appeal for substantially the reasons articulated in the district court's order of June 27, 2017.

## Conclusion

We affirm the challenged dismissals in No. 17-6150 and in No. 17-6175.

Entered for the Court

Mary Beck Briscoe
Circuit Judge