**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 17, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

RANDALL THOMAS NAVES,

    Plaintiff - Appellant,

v.

BRIAN NIELSON; ANNA LEE
CARLSON; NICHOLE KOCH;
CLINTON LUND; MARY
BROCKBADER,

    Defendants - Appellees.

No. 25-4040
(D.C. No. 2:22-CV-00695-JNP)
(D. Utah)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and
**BACHARACH**, Circuit Judge.
_____

Randall Naves, a prisoner in the custody of the Utah Department of

Corrections ("UDOC"), sued several UDOC officials under 42 U.S.C. § 1983

alleging First Amendment violations. The Defendants moved for summary judgment,

arguing Mr. Naves failed to exhaust his administrative remedies under the Prison

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  The district court granted the motion and dismissed the case.  Mr. Naves appealed.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Naves alleged that when he was moved to a new prison in 2022, he was deprived of two religious books that he used in the practice of his faith.  He filed a grievance seeking the return of his books, which was step one of the UDOC's three-level grievance procedure.  Although the matter was not resolved to his satisfaction, he failed to exhaust the remaining grievance levels.

Mr. Naves instead filed this case, naming as defendants the UDOC executive director and other UDOC officials.  The district court's summary judgment order noted that under the PLRA, a prisoner must exhaust all administrative remedies to bring a § 1983 lawsuit challenging prison conditions.  *See Estrada v. Smart*, 107 F.4th 1254, 1259 (10th Cir. 2024).  The court concluded the Defendants had shown that Mr. Naves failed to exhaust his administrative remedies available to him. The district court granted summary judgment, denied Mr. Naves's motion for default judgment, denied as futile his motion to amend the complaint to add UDOC as a defendant, and dismissed the case.

On appeal, Mr. Naves argues the UDOC's grievance procedure is designed to frustrate inmates' ability to exhaust their administrative remedies, which were therefore unavailable to him.  He also argues the court erred in denying his motion for default judgment and his motion to amend the complaint.

2

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the non-moving party. *See Merrifield v. Bd. of Cnty. Comm'rs*, 654 F.3d 1073, 1077 (10th Cir. 2011). We review for abuse of discretion both the denial of leave to amend and the denial of a motion for default judgment. *SCO Grp., Inc. v. Int'l Bus. Mach. Corp.*, 879 F.3d 1062, 1085 (10th Cir. 2018) (denial of leave to amend); *Ashby v. McKenna*, 331 F.3d 1148, 1149 (10th Cir. 2003) (denial of motion for default judgment). When the denial of a motion to amend is based on futility, "our review for abuse of discretion includes de novo review of the legal basis for [that] finding." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022) (internal quotation marks omitted).

Upon review of the record, the briefs, and the district court's well-reasoned order, we discern no reversible error and therefore affirm the challenged rulings for substantially the reasons stated by the district court.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

3