**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 16, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

GREGORY MICHAEL MAJERSKY,

　　Plaintiff - Appellant,

v.

DENVER PUBLIC SCHOOLS,

　　Defendant - Appellee.

No. 25-1102
(D.C. No. 1:23-CV-02956-SKC-KAS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.

_____

Gregory Majersky, proceeding pro se, appeals the district court's dismissal of his employment action.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**Background & Procedural History**

Majersky filed his operative complaint in this case in December 2023,[1] making the following factual allegations and raising the following.  He worked as a security

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Majersky filed several documents amending his initial complaint.

administrator in Denver Public School's ("DPS") technology services department. His former romantic partner, a woman named Rebecca Sposato, worked as a nurse at a DPS charter school. In 2018, Majersky accused Sposato of abusing their child, E.M., but no criminal charges were filed against Sposato. Majersky informed DPS and the charter school of Sposato's abuse and continuously complained about her ongoing employment with DPS.

E.M. was involved in a bullying incident in 2023, after which Majersky complained to the school principal about the incident and Sposato's abuse. Majersky filed a complaint in February 2023 about Sposato's continued employment with the school because DPS did not act on the child abuse allegations. Through his position as a security administrator, Majersky then accessed the school principal's email address to see if the principal was attempting to retaliate against him after the bullying incident. Majersky then complained to the U.S. Secret Service about cybersecurity and other technological issues at DPS.[2] He shared his security concerns with other DPS employees, including the network administrator. In March 2023, DPS suspended Majersky's employment pending an investigation into allegations that he improperly accessed personnel email accounts, including those of his supervisor and the school principal. DPS terminated Majersky's employment after the investigation.

---

[2] Majersky made similar complaints about cybersecurity and data breaches in 2021 and 2022.

Based on these facts, Majersky raised the following claims in his operative complaint against his former employer, DPS: (1) Title VII gender discrimination; (2) Title VII retaliation; and (3) retaliation under the No FEAR Act.[3] Following a motion to dismiss from DPS, a magistrate judge recommended that Majersky's operative complaint be dismissed for failure to state a claim. First, it determined that Majersky failed to state a Title VII gender discrimination claim because he did not allege that DPS's general staffing practices were discriminatory; Sposato was not similarly situated to him because they had different positions, engaged in different conduct, and reported to different supervisors. Further, Majersky's complaint alleged that he was suspended and terminated because of his actions in accessing personnel emails, not for discriminatory reasons. Second, the magistrate judge determined that Majersky failed to sufficiently plead a Title VII retaliation claim because Majersky did not allege that DPS was aware that his complaints were in opposition to gender discrimination. Third, the magistrate judge determined that Majersky could not state a No FEAR Act claim because the statute did not create a private right of action and only applied to federal employees.

Majersky filed modified objections to the magistrate judge's recommendation.[4] He argued that he and Sposato were similarly situated because

---

[3] Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002, 5 U.S.C. § 2301, Pub. L. No. 107-174, 116 Stat. 566.

[4] Majersky filed his initial objections without reading the magistrate judge's recommendation. Accordingly, the district court considered only the modified objections when reviewing the recommendation and Majersky's objections. We do the same.

3

they both worked for DPS and were subject to the same ethics codes and rules of conduct. He argued that "the only discernable and significant difference between [them] is their gender." R. at 457. Majersky also stated that DPS had a history of discriminatory action, which was evidenced by previous lawsuits against it. As to the No FEAR Act claim, Majersky stated that the statute enabled a cause of action "in the spirit of that law and that his duties were under the color of functions alongside and complimentary to federal law enforcement and national security agencies." *Id.* Majersky provided no legal argument or citations in his objections.

Majersky then filed several motions. These included several motions requesting permission to amend his complaint to add additional claims against DPS, a motion for default judgment, and a motion for summary judgment.

The district court adopted the recommendation over Majersky's objections and dismissed the Title VII claims without prejudice and the No FEAR Act claim with prejudice in March 2025. It noted that Majersky's only specific objections were to the recommendation on his gender discrimination claim and that his objection to the No FEAR Act claim amounted "to little more than a disagreement with the correctness" of the magistrate judge's analysis. *Id.* at 740. The court found that Sposato was not an appropriate comparator to establish a gender discrimination claim because she worked as a school nurse, under a different supervisor, and was not alleged to have engaged in the same type of conduct as Majersky. It then determined that, though Majersky was not permitted to add new amendments to his complaint through his objections, amendment would be futile because his proposed amendments

4

provided no details regarding the alleged discrimination and thus would not save his claim. The court dismissed all of Majersky's pending motions as moot.

## Standard of Review

"We review the district court's grant of a Rule 12(b)(6) motion to dismiss de novo." *Gaddy v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 148 F.4th 1202, 1209 (10th Cir. 2025). "At the Rule 12(b)(6) stage, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Id.* at 1209–10 (internal quotation marks omitted).

We construe Majersky's pleadings liberally but do not serve as his advocate. *Luo v. Wang*, 71 F.4th 1289, 1291 n.1 (10th Cir. 2023). And we have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

## Waiver

This court has "adopted a firm waiver rule that provides that the failure to make timely objections to the magistrate [judge's] findings or recommendations waives appellate review of both factual and legal questions." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (internal quotation marks omitted). We do not apply the rule "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d

5

1116, 1119 (10th Cir. 2005) (internal quotation marks omitted). Neither exception applies here. Majersky was properly informed of the time for objecting and the consequences of failing to object, and this case does not present any extenuating circumstances that could potentially implicate the interests of justice.

While Majersky did object to the recommendation, his filed objections were general and insufficient to avoid application of the firm waiver rule. *See One Parcel of Real Property*, 73 F.3d at 1060. We therefore apply the firm waiver rule to Majersky's appellate challenges to the district court's decision regarding his Title VII retaliation claim and his No FEAR Act claim because he did not properly raise them before the district court in his objections. Majersky attempted to bring his No FEAR Act challenge in his objections to the recommendation. However, the district court found, and we agree, that this objection lacked specificity and amounted to a general disagreement with the magistrate judge. In any event, he has provided no authority that the No FEAR Act creates a private right of action. *See United States v. Garcia*, 946 F.3d 1191, 1210 n.11 (10th Cir. 2020) (noting a "party who fails to develop or provide any authority in support of [an] argument [has] waived it" (internal quotation marks omitted)).

We also apply the firm waiver rule to two arguments Majersky presents on appeal but did not raise below regarding his Title VII gender discrimination claim: (1) the recommendation improperly analyzed Majersky's Title VII gender discrimination claim under Title IX's legal framework; and (2) Majersky should not

have been terminated because he had a property interest in his employment.  We now turn to the one claim that is not precluded by the firm waiver rule.

### Title VII Gender Discrimination

Majersky properly preserved the challenge to his Title VII gender discrimination claim, and we will address that claim on its merits.[5]  "Title VII forbids actions taken on the basis of sex that 'discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment.'" *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270 (2001) (quoting 42 U.S.C. § 2000e–2(a)(1)).  To assert a prima facie case of gender discrimination in the workplace, a plaintiff must ordinarily show that "(1) the victim belongs to a protected class; (2) the victim suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination." *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007).

Reviewing de novo, we agree with the district court that Majersky failed to plead facts showing that he was terminated based on his gender.  Critically, Majersky himself admitted that he engaged in the behavior he was terminated for:  he improperly accessed the emails of his supervisor and a school principal, was then

---

[5] The district court's decision included a reverse-discrimination analysis that has been rendered invalid by the Supreme Court's decision in *Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. 303, 313 (2025).  However, because Majersky still failed to plead facts to show that he was fired for reasons amounting to an inference of discrimination, we affirm.  *See Amro v. Boeing Co.*, 232 F.3d 790, 796 (10th Cir. 2000) (stating that we "may affirm the district court for any reason supported by the record").

suspended because of this, and was ultimately terminated because the email hacking amounted to a violation of DPS policy. Majersky has acknowledged that his own actions were the basis for his termination. He offers no evidence that the circumstances under which he was terminated give rise to an inference of discrimination. *See id.*

**The district court's denial of Majersky's motions as moot**

Majersky's final argument on appeal is that the district court's denial of his pending motions for leave to amend, for default judgment, and for summary judgment as moot amounted to a violation of his due process rights. We review these denials for an abuse of discretion. *Mengert v. United States*, 120 F.4th 696, 717 (10th Cir. 2024) (denial of leave to amend); *Ashby v. McKenna*, 331 F.3d 1148, 1149 (10th Cir. 2003) (denial of motion for default judgment).

The district court did not abuse its discretion here. Majersky's complaint was subject to dismissal, he had already been permitted several opportunities to amend his complaint, and his motions to amend did not conform to the district court's local rules. *See* D. Colo. LCivR. 15.1(a) ("A party other than an unrepresented prisoner who files an amended pleading under Fed. R. Civ. P. 15(a)(1) or with the consent of the opposing party shall . . . attach as an exhibit a copy of the amended pleading . . . ."); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]he grant or denial of an opportunity to amend is within the discretion of the [d]istrict [c]ourt."). Further, default judgment was not applicable here, as DPS appeared before the district court. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative

8

relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). The denial of Majersky's summary judgment motion was also appropriate because the motion was not ripe for adjudication. Additionally, Majersky has since filed a new district court action asserting constitutional claims and the claims he sought to add to this case. *See Majersky v. Denv. Pub. Schools*, Case No. 25-cv-00703-SKC-KAS. He cannot demonstrate that the district court abused its discretion, nor can he demonstrate that he was harmed by these denials. We reject this argument.

## Conclusion

We affirm the district court's decision. We grant Majersky's motion to proceed without prepayment of costs or fees.

Entered for the Court


Gregory A. Phillips
Circuit Judge