**UNITED STATES COURT OF APPEALS**
**Filed 12/8/95**
**TENTH CIRCUIT**

---

BUICK MOOMCHI,

       Plaintiff - Appellant,

    v.

THE UNIVERSITY OF NEW MEXICO, a body corporate; UNIVERSITY OF NEW MEXICO BOARD OF REGENTS, a body corporate; PEGGY BLACKWELL, individually and in her capacity as Dean of College of Education, the University of New Mexico; CRAIG W. KELSEY, individually and in his capacity as Associate Dean of College of Education, the University of New Mexico; LEON E. GRIFFIN, individually and in his capacity as a faculty and a former chairperson of Health, Physical Education and Recreation Department, the University of New Mexico; JOHN DOE; JANE DOE, any and all, as persons associated with one or more of above named defendants, although unknown at this time,

       Defendants - Appellees.

No. 95-2140

D. New Mexico

(D.C. No. CIV 94-0127 LH/DJS)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON, BALDOCK**, and **BRORBY**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

Buick Moomchi brought this pro se action against the University of New Mexico and various individual administrators, faculty members, and regents (collectively "UNM") alleging claims for defamation and civil rights violations. The district court dismissed his action with prejudice as a sanction under Fed. R. Civ. P. 37 for failing to cooperate in discovery. He appeals the district court's dismissal, contending that the court erred by: 1) denying his motions for default judgment and summary judgment; 2) dismissing his claim under Rule 37; 3) denying his motion for court appointed counsel; and 4) denying his motions for recusal of the magistrate and district judges. We affirm.

Moomchi was admitted into the University of New Mexico PhD program in Health Education in the fall of 1979, was readmitted in the fall of 1989 and again in 1991, and was denied readmission in 1993. Exhibits to his original complaint filed on February 3, 1994, indicate that Moomchi filed a complaint with the EEOC on November 8, 1993, which was dismissed on November 11, 1993, for lack of jurisdiction due to "No employer/employee relationship." R. Vol. I, Tab 1, Attach. A. Simultaneously with the

filing of his original complaint, Moomchi filed a petition for appointment of counsel. On June 3, 1994, having never served UNM with the original complaint, Moomchi filed and served a First Amended Complaint (the "complaint"). According to the complaint, UNM defamed Moomchi and also discriminated against him on the basis of his national origin, Iranian, in violation of 42 U.S.C. §§ 1981, 1983, 1985, 1986, 2000d, and 2000e. He further alleged that these violations forced him to withdraw from classes in 1980,[1] and then prevented his proper reentry in 1989, 1991, and 1993.[2]

As his first claim on appeal, Moomchi contends that the court erred in denying his motions for default judgment. We review the denial of a motion for default judgment for abuse of discretion. See Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1494 (10th Cir. 1995); Gulley v. Orr, 905 F.2d 1383, 1386 (10th Cir. 1990).

Rule 55 of the Federal Rules of Civil Procedure provides for entry of default judgment when a party fails to plead "or otherwise defend as provided by these rules." In this case, the record clearly reveals that UNM filed timely defense pleadings. In the first instance, UNM filed a motion to dismiss the complaint on June 23, 1994, within twenty

---

[1]In 1982, Moomchi filed an action against the University for alleged violations of 42 U.S.C. §§ 1981, 1983, and 2000e-5, et seq. That case was dismissed with prejudice on May 9, 1983. R. Vol. III, Tab 103, Exs. A, B.

[2]The record contains no admissible evidence supporting these conclusory allegations.

days of service.[3]  R. Vol. I, Tab 16.  Likewise, UNM filed a motion to dismiss within ten days of service of Moomchi's second amended complaint.[4]  A motion to dismiss is a proper defense pleading under Fed. R. Civ. P. 12(b)(5) and (6), and Rule 12(a)(4) further provides that the service of such a motion alters the period for answering.  Thus, UNM was not in default, and the district court correctly denied Moomchi's motions.

Moomchi further contends that the district court should have granted his motions for summary judgment.  We review the denial of a motion for summary judgment de novo, applying the same legal standard as the district court under Fed. R. Civ. P. 56(c).  McDermott v. Midline Management, Inc., 997 F.2d 768, 770 (10th Cir. 1993).  In this case, Moomchi filed a motion for summary judgment, R. Vol. III, Tab 118, which he incorporated in a second motion for sanctions.[5]  Id., Tab 144.  However, Moomchi failed to submit any affidavits, admissions, deposition testimony, or other proper evidence for the district court's consideration.  Moreover, in an accompanying memorandum, Moomchi alleged that there were "genuine issues of material fact."  Id., Tab 119 at 1.

---

[3]Moomchi complains that UNM filed a motion for extension of time to respond prior to filing its motion to dismiss under Fed. R. Civ. P. 12(b)(5) and (6), and argues that the first motion was made in bad faith and in violation of Rule 11.  However, Moomchi offers no support for his allegation of bad faith, nor does he indicate how the court or he was inconvenienced or misled by the UNM motion which was never ruled upon.

[4]Although Moomchi filed his second amended complaint on September 23, 1994, the record indicates that UNM was not served until November 16, 1994.  R. Vol. II, Tab. 79, Ex. A.

[5]It is the second motion which the district court denied.  R. Vol. III, Tab 158 at 12.

- 4 -

Accordingly, his motions did not satisfy the requirements of Fed. R. Civ. P. 56(c), and denial was proper.

As his second issue, Moomchi contends that the district court should not have dismissed his complaint as a sanction for his failure to cooperate in discovery. We review a dismissal under Fed. R. Civ. P. 37 for abuse of discretion. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).

Moomchi contends that sanctions were not warranted because he believed that the case was on hold, because he had a protective order pending, and because the defendants were the ones who were obstructing the process. Although Moomchi is a pro se litigant, he "must follow the same rules of procedure that govern other litigants." Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 113 S. Ct. 1336 (1993). His claimed excuse that he believed that discovery was suspended when the trial date was postponed does not comport with the record, which demonstrates his refusal to participate in discovery long before the trial continuance. Moreover, although he never noticed his motion for a protective order, the magistrate judge denied the motion on March 10, 1995, and some two months later, the magistrate judge granted UNM's motion to compel production. R. Vol. III, Tabs 145, 153. Finally, the record demonstrates UNM's substantial effort to conduct an orderly discovery.

"It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice."

Ehrenhaus, 965 F.2d at 918.  As the court's order of dismissal thoroughly details, Moomchi consistently failed to follow applicable rules, repeatedly ignored each of the court's previous orders as to all matters, generally stonewalled discovery, and specifically failed to comply with the magistrate judge's order imposing lesser sanctions.   See R. Vol. III, Tab 158.

Fully addressing the factors set out in Ehrenhaus, 965 F.2d at 921, the district court found that Moomchi's actions prejudiced the defendants, interfered with the judicial process, and demonstrated culpability despite his pro se status, and that lesser sanctions were not and would not be effective.  R. Vol. III, Tab 158 at 7-12.  Our review of the record convinces us that the court did not err.  Moreover, we conclude that the court's warning to Moomchi regarding possible sanctions under Fed. R. Civ. P. 37 was sufficient.[6]  Accordingly, the district court acted within its discretion in dismissing Moomchi's complaint.

---

[6]At a hearing five months prior to the dismissal, the court indicated it would entertain a Rule 37 motion if Moomchi failed to appear for depositions a second time. Although Moomchi claims not to have appreciated the significance of the court's statement at the time, he filed a motion prior to that hearing in which he sought default as a sanction, thereby demonstrating an awareness of the type of sanctions available under the rules generally.  In any event, whatever his prior understanding, when UNM filed its reply brief in support of its Rule 37 motion, it specifically directed his attention to the court's warning.  R. Vol. III, Tab 151.  In fact, Moomchi acknowledges that he became aware of the existence and ramifications of sanctions under Rule 37 when he received UNM's motion.  Appellant's Br. at 17.  Despite that awareness, he continued to disregard his discovery obligations.

As his final claim of error, Moomchi contends that the court erred in not appointing counsel to represent him. There is no constitutional right to counsel in civil cases. Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989) (citing Bethea v. Crouse, 417 F.2d 504, 505 (10th Cir. 1969)). However, two statutes authorize the district court to request or appoint counsel for an indigent person. Pursuant to 28 U.S.C. § 1915(d), the "court may request an attorney to represent any such person unable to employ counsel."[7] Pursuant to 42 U.S.C. § 2000e-5(f)(1), "in such circumstances as the court may deem just, the court may appoint an attorney for such complainant" in cases under Title VII. We consider each in turn.

> "[T]he district court has broad discretion to appoint counsel for indigents under 28 U.S.C. § 1915(d), and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." Maclin v. Freake, 650 F.2d 885, 886 (7th Cir. 1981). In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims. Id. at 887-89.

Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991).

---

[7] However, the court cannot compel an attorney to represent a litigant under this provision. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 309 (1989).

As to the merits of Moomchi's action, we agree with UNM that the applicable three year statute of limitations bars most of the claims.[8]  See Garcia v. Wilson, 731 F.2d 640 (10th Cir. 1984), aff'd, 471 U.S. 261 (1985); N.M. Stat. Ann. § 37-1-8 (Michie 1990).  Moreover, inasmuch as UNM's properly submitted affidavits are unopposed, we must conclude that Moomchi's remaining claims have no merit.[9]  Additionally, we also note that the facts are generally within Moomchi's personal knowledge, that Moomchi is an educated, intelligent person capable of presenting his own claims, and that the legal issues are straightforward.  Thus, the district court acted within its discretion under 28 U.S.C. § 1915(d).

Furthermore, respecting the court's discretion under 42 U.S.C. § 2000e-5(f)(1) to appoint counsel for Title VII actions, Moomchi has not pled an employment relationship.  There being no showing that Title VII applies, the court was within its discretion in refusing to appoint counsel.

---

[8]In any event, since Moomchi has not appealed the district court's dismissal of claims following UNM's motions to dismiss under Rule 12(b)(5) and (6), we consider only the claims that remain after the court's order striking the Second Amended Complaint.

[9]None of Moomchi's affidavits go to the factual bases of his claims, nor did he make any appropriate discovery response setting forth such facts.  While one of the grounds Moomchi raised for his refusal to disclose the requested facts or to be deposed was that he was not represented by counsel, a pro se litigant is presumed to know the facts of his own case.

Finally, in a single statement in his Form A-12 which prefaces his opening brief, Moomchi protests that the district judge and the magistrate judges improperly failed to disqualify themselves. Inasmuch as the point was not argued, we need not consider it. Brownlee v. Lear Siegler Mgmt. Servs. Corp., 15 F.3d 976, 977-78 (10th Cir.), cert. denied, 114 S. Ct. 2743 (1994). Nonetheless, having fully reviewed the record, we conclude that the judges did not abuse their discretion in refusing to disqualify themselves, for substantially the same reasons as set forth in the district court's and magistrate judge's rulings. See R. Vol. III, Tabs 130, 152; see also Maez v. Mountain States Tel. & Tel., Inc., 54 F.3d 1488, 1508 (10th Cir. 1995).

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge