**EQUAL EMPLOYMENT OPPOR-TUNITY COMMISSION, et al., Plaintiffs,**

v.

**MORGAN STANLEY & CO., INC., et al., Defendants.**

**No. 01 Civ. 8421(RMB)(RLE).**

United States District Court, S.D. New York.

Nov. 8, 2002.

Katherine E. Bissell, Elizabeth A. Grossman, New York City, for Equal Employment Opportunity Commission.

Joseph Serino, Jr., Kirkland & Ellis, New York City, Emily Nicklin, Gabor Balassa, Andrew Johnstone, Helen E. Witt, Kirkland & Ellis, Chicago, IL, for Morgan Stanley & Co., Inc., Morgan Stanley, Dean Witter.

Wayne Outten, Outten & Golden LLP, New York City, for Allison Schieffelin.

## OPINION & ORDER

ELLIS, United States Magistrate Judge.

### I. INTRODUCTION

On October 15, 2002, plaintiff Equal Employment Opportunity Commission ("EEOC") requested permission to move to strike portions of defendants' answer to the amended complaint. The amended complaint was filed on September 5, 2002, and defendants Morgan Stanley & Co., Inc., and Morgan Stanley Dean Witter & Co. (collectively "Morgan Stanley") filed an answer on September 23, 2002, adding three new defenses. EEOC argues that Morgan Stanley was not entitled to add defenses that are unresponsive to the amendments to its complaint. EEOC further asserts that it will be prejudiced if Morgan Stanley is allowed to amend its answer *nunc pro tunc.* For the reasons which follow, the EEOC's request is **GRANTED** and any request by Morgan Stanley to amend its answer *nunc pro tunc* is **DENIED.**

### II. BACKGROUND

At a conference with the parties on July 25, 2002, this Court granted the EEOC leave to amend the complaint to correct the terms used to identify groups of claimants. In the original complaint, EEOC had used the term "Associate," erroneously believing it encompassed the entire group of employees eligible for promotion to Vice President ("VP"). At the conference, this Court emphasized that it has always been clear that this case involved claims of women who were eligible for the VP position not being promoted. The Court stated that if the term used by EEOC to identify the claimants did not fully encompass this characterization, it was incumbent upon Morgan Stanley to recognize the error. Therefore, in the amended complaint, "Associate" was changed to "Exempt Non–Officer eligible to be promoted to Vice President." The Court clarified that the amended complaint would not broaden the scope of the class, but merely would change the terminology for that group of claimants. On September 4, 2002, District Judge Berman upheld this Court's ruling.

Morgan Stanley filed an answer to the amended complaint adding the following: (1) "accord and satisfaction" in its Ninth Defense; (2) a Twelfth Defense stating, "The EEOC cannot seek monetary relief on behalf of those who failed to mitigate damages, in whole or in part;" (3) and a Thirteenth Defense stating, "The EEOC cannot seek front pay on behalf of those who voluntarily resigned their positions."

### III. DISCUSSION

#### A. Amendment to Answer as of Right

The first issue is whether the "in response to" language of Rule 15(a) allows Morgan Stanley to add defenses to its answer without obtaining leave of the court. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party shall plead in response to an amended pleading ... within 10 days after service of the amended pleading ..." Fed. R.Civ.P. 15(a). In *Pereira v. Cogan,* 2002 WL 1822928, at *2–3 (S.D.N.Y. Aug. 7, 2002), the court summarized the divergent case law in this area. *See, e.g., Wechsler v. Hunt Health Sys. Ltd.,* 186 F.Supp.2d 402 (S.D.N.Y.2002) (denying amendment as of right because new defenses and counterclaims were not responsive to amended complaint); *Tralon Corp. v. Cedarapids, Inc.,* 966 F.Supp. 812, 832 (N.D.Iowa 1997), *aff'd* 2000 WL 84400 (8th Cir. Jan. 21, 2000) (hold-

ing that whether leave of the court is required under Rule 15(a) turns on whether amended complaint changes theory or scope of case); *But see Veronico v. Pastapunto,* 1999 WL 1216951 (S.D.N.Y.1999) (Rule 15(a)'s "in response to" language does not limit the scope of defendant's amendments); *American Home Products Corp. v. Johnson & Johnson,* 111 F.R.D. 448 (S.D.N.Y.1986) (although trial date was close, permission not required for defendant to add counterclaims). Recognizing that the Second Circuit has not yet clarified this issue, the *Pereira* court adopted a measured interpretation of Rule 15(a). It held that "[a] defendant who is responding to an amended complaint cannot amend his answer as of right without any regard to the amendments taken by his adversary . . . [But, i]f plaintiff expands its case by adding new theories or claims, it cannot complain if the defendant seeks to do the same by averring new counterclaims." *Pereira v. Cogan,* 2002 WL 1822928, at *4.

■ In the instant case, the EEOC's amended complaint did not change the theory of the case or expand the scope, but instead changed terms used to refer to claimants. Morgan Stanley has asserted new defenses, all of which are unrelated to the EEOC's amendments. Morgan Stanley should have sought leave of the Court in order to assert defenses unrelated to EEOC's amended complaint. The Court finds that the more conservative approach better serves the spirit of the Rules. If every amendment, no matter how minor or substantive, allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause. This would deprive the Court of its ability to effectively manage the litigation. The Court therefore finds that Morgan Stanley was not entitled to add defenses as of right where the amended complaint merely reflected a change in terminology.

## B. Amendment *Nunc Pro Tunc*

■ EEOC argues that Morgan Stanley should not be granted leave to amend *nunc pro tunc.* While courts should grant parties leave to amend pleadings "when justice so requires," *see* Fed.R.Civ.P. 15(a), leave to amend may be denied for reasons such as delay, bad faith or dilatory motive of the movant, futility of the amendment, and prejudice. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In exercising this discretion, courts consider whether the amendment will require the opposing party to expend significant resources in discovery and whether resolution of the dispute will be delayed. *Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir.1993); *Tokio Marine and Fire Ins. Co. v. Employers Ins. of Wausau,* 786 F.2d 101 (2d Cir.1986) (amendment not prejudicial where added defense had been the object of discovery and was foreshadowed at oral argument). The Court may also deny leave to amend where there has been a delay and "no satisfactory explanation is offered for the delay . . ." *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir.1990).

Here, extensive discovery has been conducted, including dozens of depositions taken on both sides. The defenses of accord and satisfaction and failure to mitigate, as well as voluntary resignation, have long been available to Morgan Stanley. From the beginning of this litigation, plaintiffs made it clear that this action was brought on behalf of females who were allegedly discriminated against in the terms, conditions, and privileges of their employment and because they had not been fairly promoted or compensated. Morgan Stanley argues that the amendments have not been made in bad faith because it did not wait until the close of discovery to assert the defenses. Morgan Stanley, however, has not adequately explained why it waited until now to do so. The parties are under tight time constraints with a December 13, 2002 deadline for fact and expert discovery, and any additional discovery required by the assertion of these defenses could cause unnecessary prejudice and delay. The parties have been in regular contact with this Court, including appearing for a conference the day after EEOC filed its amended complaint, and yet Morgan Stanley did not take advantage of any of these opportunities to raise the issue at hand. The Court can only assume that

228

Morgan Stanley has delayed in asserting these defenses for the purpose of vexation.

In light of the foregoing, **IT IS HEREBY ORDERED THAT** the defenses added by Morgan Stanley be stricken and leave to amend be **DENIED**.