# United States Court of Appeals for the Federal Circuit

2006-1569, -1606

GENERAL MILLS, INC.,

Plaintiff-Appellant,

v.

KRAFT FOODS GLOBAL, INC.

Defendant-Cross Appellant.

Ronald J. Schutz, Robins, Kaplan, Miller & Ciresi L.L.P., of Minneapolis, Minnesota, argued for plaintiff-appellant. With him on the brief was, David P. Swenson, Sang Young A. Brodie, and David B. Zucco.

Holly A. Harrison, Sidley Austin LLP, of Chicago, Illinois, argued for defendant cross-appellant. With her on the brief was Julie K. Potter. Of counsel on the brief was Tara C. Norgard, Carlson Caspers Vandenburg & Lindquist P.A., of Minneapolis, Minnesota.

Appealed from: United States District Court for the District of Minnesota

Judge Joan N. Ericksen

# United States Court of Appeals for the Federal Circuit

2006-1569, -1606

GENERAL MILLS, INC.,

Plaintiff-Appellant,

v.

KRAFT FOODS GLOBAL, INC.,

Defendant-Cross Appellant.

_____

DECIDED:  July 31, 2007

_____

ON PETITION FOR REHEARING

Before BRYSON, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and LINN, <u>Circuit Judge.</u>

LINN, <u>Circuit Judge</u>.

In our initial opinion in this case, we affirmed the district court's decision that Kraft Foods Global, Inc. ("Kraft") did not have a counterclaim pending at the time judgment was entered.  <u>General Mills, Inc. v. Kraft Foods Global, Inc.</u>, 487 F.3d 1368 (Fed. Cir. 2007).  Although Kraft asserted a counterclaim against General Mills, Inc. ("General Mills") in response to the original complaint in this case, General Mills subsequently filed an amended complaint, which Kraft successfully moved to dismiss.  We held that under these circumstances, Kraft's filing of its motion to dismiss did not toll its deadline to answer the amended complaint and reassert its counterclaim.  Accordingly, we concluded that the district court did not abuse its discretion in refusing to permit Kraft to reassert the counterclaim after the motion to dismiss was granted.  Kraft now petitions

for rehearing, arguing that we have misapprehended Rule 12 of the Federal Rules of Civil Procedure. For the reasons that follow, we reaffirm our original holding, with certain clarifications.

Kraft argues in its petition that our decision undermines the "clearly expressed intent" of Rule 12—to permit certain defenses, including failure to state a claim upon which relief can be granted, to be raised by motion instead of in a responsive pleading. However, "[t]he Federal Rules should be given their plain meaning." <u>Walker v. Armco Steel Corp.</u>, 446 U.S. 740, 750 n.9 (1978). Here, where the meaning of Rule 12 is unambiguous, we decline to ignore the text of the rule in service of a purported purpose.

As we previously explained, Rule 12(a)(4) by its express terms only alters "<u>these</u> periods of time" (emphasis added), where "these periods" can only refer to the periods of time enumerated immediately before, in Rule 12(a)(1)–(3): 20 days after service of a summons and complaint (Rule 12(a)(1)(A)); 60 or 90 days after a request for waiver of process is sent (Rule 12(a)(1)(B)); 20 days after service of a cross-claim or counterclaim (Rule 12(a)(2)); and 60 days after service of a pleading on the United States or its agencies, officers, or employees (Rule 12(a)(3)). The period of time to answer an amended complaint is not only missing from this list of affected periods, but it is, in the relevant circumstances, of a different length: "10 days after service of the amended pleading." <u>See</u> Fed. R. Civ. P. 15(a). The language of the rule is unambiguous: Rule 12(a)(4) does not extend the time for filing an answer to an amended complaint when "the time remaining for response to the original pleading" has elapsed. <u>See</u> <u>id.</u>

Our holding is narrower than Kraft's petition suggests. We did not and do not hold that the tolling provision of Rule 12(a)(4)(A) never applies to responses to amended pleadings. This is because Rule 15(a), which sets the deadline for answering an amended pleading, has two prongs: "A party shall plead in response to an amended pleading [(1)] within the time remaining for response to the original pleading or [(2)] within 10 days after service of the amended pleading, <u>whichever period may be the longer</u>." <u>Id.</u> (emphasis added). Ordinarily, "the time remaining for response to the original pleading" will be defined by one of the periods of time enumerated in Rule 12(a) and tolled by Rule 12(a)(4)(A). Thus, when there is "time remaining for response to the original pleading"—for example, when a plaintiff amends her complaint as a matter of right before serving the defendant or before the defendant answers—the first prong of Rule 15(a) (which refers to a deadline that is tolled by Rule 12(a)(4)(A)) becomes the longer of the two prongs, and the extended deadline of Rule 12(a)(4) controls.

None of the cases that Kraft cites are inconsistent with our interpretation of the rule. Many of those cases involve situations in which Rule 12(a)(4)(A) would toll the deadline for answering under our interpretation of the rules. <u>E.g.</u>, <u>Wolflake Terminals, Inc. v. Mut. Marine Ins. Co.</u>, 433 F. Supp. 2d 933 (N.D. Ind. 2005) (original complaint never answered, and motion to dismiss pending when amended complaint filed; thus, there was "time remaining for response to the original pleading" when the amended complaint was filed, and Rule 12(a)(4)(A) tolled the deadline to respond); <u>Pinnacle Sys., Inc. v. XOS Tech., Inc.</u>, No. 02-CV-3804, 2003 WL 21397845 (N.D. Cal. May 19, 2003) (same); <u>see also</u> <u>Olsen v. Hayes</u>, No. 99-16815, 2000 U.S. App. LEXIS 8653, at *2 (9th Cir. Jan. 28, 2000) (unpublished) (defendants never served with original complaint;

thus, the Rule 12(a)(1)(A) deadline to respond to an original summons and complaint applied). Other cases that Kraft cites do not address the scenario in this case and do not contradict our holding. E.g., Moomchi v. Univ. of N.M., 72 F.3d 138 (table), 1995 WL 736292, 1995 U.S. App. LEXIS 34614, at *1 (10th Cir. Dec. 8, 1995) (unpublished) (affirming district court's decision not to enter default judgment against defendants who had responded to second amended complaint by motion instead of answer, where second amended complaint was ultimately stricken; no holding as to deadline to file that second amended complaint); Peters v. Astrazeneca LP, No. 05-CV-649, 2006 WL 1279058 (W.D. Wis. Apr. 24, 2006) (order) (original complaint never answered, so Rule 12(a)(4)(A) would have tolled the deadline—but the deadline to answer the amended complaint was established by order of the transferor court prior to transfer for lack of venue, rather than by Rule 12, see Peters v. Brennan, No. 05-CV-787, slip op. at 2 (E.D. Wis. Nov. 3, 2005) (Dckt. No. 25)).

It is only when the deadline for answering the original complaint has lapsed—and thus when a defendant has either answered or become subject to entry of default—that the fixed period of 10 days in Rule 15(a)'s second prong determines the deadline for answering an amended pleading. In such situations, an extension of time to answer will frequently be unnecessary. The original complaint in such a situation will have survived an opportunity to be challenged on its face; discovery may be underway; and filing a second answer, repleading the same defenses as a first answer, may not be burdensome. Sometimes, however, a party such as Kraft may find itself with a potentially meritorious Rule 12(b) defense to an amended complaint that it could not have raised by an earlier Rule 12(b) motion. Here, the contract upon which Kraft's

motion to dismiss was based was included as an exhibit to the amended complaint, but not to the initial complaint. See General Mills, 487 F.3d at 1372. In other situations, an amended complaint may include wholly new claims.

In such cases, the defendant has several options. It may simply file a Rule 12(b) motion and then answer before the deadline. It may assert its defense in the answer itself, see Fed. R. Civ. P. 12(b) ("[T]he following defenses may at the option of the pleader be made by motion . . . ." (emphasis added)), optionally seeking judgment on the pleadings under Rule 12(c) or summary judgment under Rule 56. Or it may seek an extension of time from the district court. Rule 15(a) permits a district court to "otherwise order[]" a different deadline for responding to an amended complaint, and where a party may be prejudiced by being forced to answer an amended complaint that the party also moves to dismiss, we expect that most district courts would otherwise order a different deadline on the party's motion. Cf., e.g., Hortsman v. Cantu, No. 2:04-CV-1644, 2007 WL 164162, at *6 (E.D. Cal. Jan 18, 2007) (ordering answer to amended complaint "within the time provided by Rule 12(a)(4)(A)" upon denial of motion to dismiss amended complaint).

One further aspect of Kraft's petition for rehearing bears discussion. Kraft challenges our characterization that it "abandoned" its counterclaim by missing the deadline for filing an amended answer. We agree that the district court did not go so far, holding only that "Kraft did not have a counterclaim pending when judgment was entered." General Mills, Inc. v. Kraft Foods Global, Inc., No. 05-CV-1253, slip op. at 2 (D. Minn. July 5, 2006) (Dckt. No. 114). (The "abandoned" language comes from Johnson v. Berry, 228 F. Supp. 2d 1071, 1079 (E.D. Mo. 2002), which the district court

quoted in a "cf." citation but did not adopt.)  Accordingly, we amend our original opinion as follows:   On page 1, the phrases "having been abandoned" and "to have been abandoned" are hereby replaced with "no longer having been pending" and "to no longer have been pending," respectively.   On page 13, the phrase "Kraft had abandoned its counterclaim" is hereby replaced with "Kraft did not have a counterclaim pending when judgment was entered."

The petition for rehearing is granted for the purpose of amending and clarifying our initial opinion as set forth above.  In all other respects, the petition is denied.