**Cisilie Vaile PORSBOLL;  et al.,**
**Plaintiffs—Appellees,**

v.

**Robert Scotlund VAILE, Defendant—Appellant,**

**and**

**Kellene Bishop;  et al., Defendants.**

**No. 06–15731.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2008.*

Filed March 26, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Marshall Willick, Esq., Marshall S. Willick, P.C., Las Vegas, NV, for Plaintiffs–Appellees.

Robert Scotlund Vaile, Lexington, VA, pro se.

Janice H. Jensen, Laxalt & Nomura, Ltd., Reno, NV, Henry H. Rawlings, Rawlings Olson Cannon Gormley & Desruisseaux, James R. Rosenberger, Pico & Mitchell, Las Vegas, NV, for Defendants.

Appeal from the United States District Court for the District of Nevada, Roger L. Hunt, District Judge, Presiding. D.C. No. CV–02–00706–RLH/RJJ.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Robert Scotlund Vaile appeals pro se from the district court's judgment in favor of plaintiffs following a bench trial in this action alleging violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") and various state laws. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand.

■ Contrary to Vaile's contention that the district court lacked jurisdiction over the state law claims, the district court had supplemental jurisdiction because the operative facts for the RICO and state law claims were the same. *See Brady v. Brown,* 51 F.3d 810, 815–16 (9th Cir.1995).

■ The Nevada district court properly concluded that it had personal jurisdiction over Vaile because plaintiffs' claims arose from the custody order that Vaile obtained in Nevada state court. *See Thompson v. Thompson,* 798 F.2d 1547, 1549 (9th Cir. 1986) (concluding, in action under Parental Kidnapping Prevention Act, that California

district court had personal jurisdiction over defendant who had previously filed for divorce and custody in California state court), *aff'd,* 484 U.S. 174, 108 S.Ct. 513, 98 L.Ed.2d 512 (1988); *see also Mattel, Inc. v. Greiner & Hausser GmbH,* 354 F.3d 857, 863–68 (9th Cir.2003) (concluding that second action "sufficiently a[rose] out of or result[ed] from" first action); *Baker v. Eighth Judicial Dist. Court,* 116 Nev. 527, 999 P.2d 1020, 1023 (2000) ("Nevada's long-arm statute . . . reaches the limits of due process set by the United States Constitution.").

■ Appellees' failure to bring their tort claims against Vaile in the Nevada or Texas family law proceedings does not bar their claims under the doctrine of res judicata or the rules governing compulsory counterclaims. *See Noel v. Hall,* 341 F.3d 1148, 1166 (9th Cir.2003) (requiring federal courts to apply state law in determining preclusive effect of state court judgments); *In re J.G. W.,* 54 S.W.3d 826, 833 (Tex. App.2001) (holding that tort claims based on ex-spouse's wrongful taking of children were "ancillary to" prior custody proceedings and thus not barred by res judicata). The issue of whether Vaile's false statements were intentional is not subject to collateral estoppel because Vaile's intent was not "actually litigated and essential to" the state court judgment. *Getty Oil Co. v. Ins. Co. of N. Am.,* 845 S.W.2d 794, 801 (Tex.1992); *LaForge v. State,* 116 Nev. 415, 997 P.2d 130, 133 (2000) (defining collateral estoppel under Nevada law). Moreover, to the extent Vaile argues that the Nevada Supreme Court concluded that he did not make false statements to obtain the custody order, his argument is unpersuasive. *See Vaile v. Eighth Judicial Dist. Court,* 118 Nev. 262, 44 P.3d 506, 519

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(2002) (discussing Vaile's "untruthful representations" to the state court).

The district court did not err by concluding that Vaile was liable for intentional infliction of emotional distress. First, to the extent the district court judgment can be construed as a default judgment based on Vaile's consent, the intentional infliction of emotional distress claim was adequately pleaded in the Second Amended Complaint. *See Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir.1986), *amended*, 807 F.2d 1514 (9th Cir.1987). Second, there was evidence that (1) Vaile made false statements to obtain both a custody order from the Nevada state court and new passports for Vaile and Porsboll's two children; and (2) then, without notice to Porsboll, Vaile took the children from Porsboll in Norway and brought them to the United States. *See Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 989 P.2d 882, 886 (1999) (outlining elements of intentional infliction of emotional distress claim under Nevada law); *see also Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 843 (9th Cir.2004) (reviewing findings of fact for clear error). Because damages were properly awarded under the intentional infliction of emotional distress claim, we do not address Vaile's challenge to the RICO and related state law claims. *See Lentini*, 370 F.3d at 850 ("We may affirm a district court's judgment on any ground supported by the record[.]" (citation omitted)).

The district court did not abuse its discretion by denying Vaile's motion for leave to file a counterclaim because Vaile's motion was filed six months after he filed his original answer and the record "does not reflect any reasonable explanation" for the delay. *Ralston–Purina Co. v. Bertie*, 541 F.2d 1363, 1367 (9th Cir.1976).

Further, the district court did not abuse its discretion by denying Vaile's request to continue the pretrial conference on the eve of trial. *See Danjaq LLC v.* *Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (explaining that a district court's decision concerning a continuance is entitled to great deference and will be reversed only if there is a clear abuse of discretion).

However, the district court improperly decided the issue of child support. The Second Amended Complaint does not allege a claim for unpaid child support and there is no evidence in the record of express or implied consent to try the issue. *See Consol. Data Terminals v. Applied Digital Data Sys., Inc.*, 708 F.2d 385, 396 (9th Cir.1983). Accordingly, we vacate the award of damages for unpaid child support and remand to the district court for further proceedings. *See id.* at 397.

We deny Vaile's request to remand this case to a different judge because the record does not indicate that the case presents the rare circumstances necessary to warrant reassignment. *See Hernandez v. City of El Monte*, 138 F.3d 393, 402–03 (9th Cir.1998).

Appellees' request for an order prohibiting Vaile from future filings is denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**