Karen L. WAGNER, an unmarried woman, Plaintiff,

v.

CHOICE HOME LENDING, an Arizona corporation; Lisa Gates, a married woman; MortgageIT, Inc., a New York corporation; Indymac Bank, a California corporation, Defendants.

No. CV–07–02136–PHX–ROS.

United States District Court, D. Arizona.

Sept. 29, 2009.

Paul B. Mengedoth, Mengedoth Law Firm LLC, Scottsdale, AZ, for Plaintiff.

Lisa Gates, Phoenix, AZ, pro se.

Barney Myer Holtzman, Scott David Mc-Donald, Fennemore Craig PC, Tucson, AZ, Denise J. Wachholz, Sandra A. Shoupe–Gorga, Renaud Cook Drury Mesaros PC, G. Gregory Eagleburger, Sanders & Parks PC, Phoenix, AZ, for Defendants.

## ORDER

ROSLYN O. SILVER, District Judge.

Before the Court is Plaintiff' "Combine Motion to Strike MortgageIT' March 10, 2009 Amended Answer, Counterclaim and Crossclaims Or, Alternatively, Motion to Strike MortgateIT' Counterclaim Against Plaintiff For Alleged Breach of the Implied Duty Of Good Faith And Fair Dealing (Count Four) And Award Of Expenses To Plaintiff Pursuant To Rule 16(f)" (Doc. 230). For the reasons discussed below, both Motions will be denied.

Also before the Court is MortgageIT' "Motion to Dismiss Plaintiff's Rescission Claim Or, In the Alternative, For An Order Requiring Plaintiff To Join Lehman Brothers Holding, Inc. & IndyMac Federal Bank, FSB" (Doc. 124), and MortgageIT's Motion for Reconsideration of Order Dismissing IndyMac Bank (Doc. 135). For the reasons discussed below, both Motions will be denied as moot.

## PROCEDURAL HISTORY

On October 11, 2007, Plaintiff filed a six-count Complaint under federal and state law for fraud, negligent misrepresentation, unfair and deceptive practices in violation of the Arizona Consumer Fraud Act, untrue or misleading statements with respect to Plaintiff's credit worthiness in violation of the Credit Repair Organizations Act, breach of fiduciary duty, and violations of the Truth In Lending Act (Doc. 1). On December 3, 2007, Defendant MortgageIT, Inc. ("MortgageIT") answered and filed a Counterclaim, Crossclaim, and Third–Party Complaint (Doc. 13). On January 4, 2008, Plaintiff answered MortgageIT's Counterclaim (Doc. 22).

Plaintiff and Defendant MortgageIT both proceeded to amend their pleadings. On February 7, 2008, MortgageIT moved to amend its Answer, Counterclaim, Crossclaim, and Third–Party Complaint (Doc. 27), and the motion was granted by the Court on February 12, 2008 (Doc. 29). On October 9, 2008, Plaintiff moved to amend her Complaint (Doc. 120). On October 10, 2008, MortgageIT moved to file a second Amended Answer, Counterclaim, Crossclaim, and Third–Party Complaint (Doc. 122). On the same day, MortgageIT also moved to dismiss Plaintiff's rescission claim (Doc. 124). On November 3, 2008, MortgageIT filed a Motion for Reconsideration of an Order issued by the Court dismissing IndyMac Bank (Doc. 135). With MortgageIT's three Motions (Docs. 122, 124, 135) still pending, on February 24, 2009, the Court granted Plaintiff's motion to amend her complaint (Doc. 203). On March 10, 2009, MortgageIT answered the Amended Complaint and filed a Counterclaim, Crossclaim, and Third–Party Complaint in response (Doc. 216). MortgageIT's October 10, 2008 Motion to file a second Amended Answer, Counterclaim, Crossclaim, and Third–Party Complaint (Doc. 122) in response to Plaintiff's original Complaint (Doc. 1), however, remained unresolved. Although MortgageIT's March 10, 2009 Answer (Doc. 216) to Plaintiff's February 24, 2009 Amended Complaint (Doc. 204) should have mooted MortagetIT's October 10, 2008 Motion to file a second Amended Answer (Doc. 122), on July 17, 2009, that Motion (Doc. 122) was granted (Doc. 320). MortgageIT's second Amended Answer, Counterclaim, Crossclaim, and Third–Party Complaint was accordingly entered into the record by the Clerk of the Court on July 17, 2009 (Doc. 322). MortgageIT therefore currently has two Answers, Counterclaims, Crossclaims, and Third–Party Complaints on file with the Court: the pleading it filed on March 10, 2009 (Doc. 216) in response to Plaintiff's Amended Complaint, and the pleading that was ultimately filed on July 17, 2009 (Doc. 322) despite having been drafted in response to the Plaintiff's original (and at that date superseded) Complaint. For the reasons discussed below, the latter pleading (Doc. 322) is supplanted by MortgageIT's March 10, 2009 pleading (Doc. 216) and is moot.

## DISCUSSION

### 1. Standards

Local Rule of Civil Procedure 7.2(m)(1) permits a motion to strike "only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(c), or if it seeks to strike any part of a filing or submission on the ground that it is

prohibited (or not authorized) by a statute, rule, or court order."

Federal Rule of Civil Procedure 16(f) permits the court to sanction a party or attorney who "fails to obey a scheduling or other pretrial order." *Id.* at 16(f)(1)(C). The court may order the party or attorney "to pay reasonable expenses—including attorney's fees—incurred because of any non-compliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." *Id.* at 16(f)(2).

## 2. Motion to Strike MortgageIT's Entire March 10, 2009 Pleading

▮ Plaintiff moves to strike the entirety of Defendant MortgageIT's March 10, 2009 Answer, Counterclaim, and Crossclaim (Doc. 216) on the ground that it violated Fed. R.Civ.P. 15(a) (Doc. 230 at 6). According to Plaintiff, MortgageIT's March 10, 2009 pleading constituted an unlawful amendment to the pleading that MortgageIT filed on February 12, 2008 (Doc. 30) (Doc. 230 at 3). Under Fed.R.Civ.P. 15(a), Plaintiff argues, MortgageIT was required to obtain Plaintiff's permission or the Court's leave before filing the "amended" pleading (Doc. 230 at 5–6). Plaintiff argues that because MortgateIT failed to obtain such consent or leave, "the entirety of MortgageIT's March 10, 2009 pleading against Plaintiff, including all counterclaims asserted against Plaintiff without leave of the Court or Plaintiff's written consent, must be stricken" (Doc. 230 at 6). Plaintiff also argues that the March 10, 2009 pleading violated the Court's Rule 16 Scheduling Order, which specifies October 10, 2008 as the deadline to amend pleadings (Doc 230 at 6).

Plaintiff's argument that MortgageIT's entire March 10, 2009 pleading should be stricken fails because MortgageIT's March 10, 2009 Answer did not constitute an "amendment" to its February 12, 2008 Answer. In characterizing MortgageIT's March 10, 2009 pleading as an "amended" pleading, Plaintiff ignores the fact that she amended her own Complaint on February 24, 2009 (Doc. 204). Plaintiff's Amended Complaint supplanted Plaintiff's original complaint. MortgageIT's March 10, 2009 Answer and Counterclaim (Doc. 216) was MortgageIT's first and only pleading in response to Plaintiff's February 24, 2009 Amended Complaint (Doc. 204), and it was properly filed within the ten day period required by Fed.R.Civ.P. 15(a)(3). The Supreme Court has ruled that in order to comply with Rule 15 and comport with due process, an affected party *must* be given the right to file a timely response to an amended pleading. *Nelson v. Adams USA, Inc.,* 529 U.S. 460, 466, 120 S.Ct. 1579, 146 L.Ed.2d 530 (2000). *See also Lucente v. IBM Corp.,* 310 F.3d 243, 260 (2d Cir.2002) (noting that a "cardinal rule of civil procedure" is that "an amended complaint ordinarily renders the original complaint of no legal effect," and that, "Consequently, 'a court may not deprive an affected person of the right to file a response to an amended pleading if the party so desires.'") (quoting James Wm. Moore et al., 3 *Moore's Federal Practice* § 15.17[5] (3d ed.2002)).[1]

## 3. Alternative Motion to Strike Count 4 of MortgageIT's March 10, 2009 Counterclaim

▮ As an alternative to striking MortgageIT's entire March 10, 2009 pleading, Plaintiff argues that Count 4 of MortgageIT's Counterclaim should be stricken because it replaced the phrase "the duty owed by Wagner arises from the mortgage" (in MortgageIT's original counterclaim) with the phrase "the duty owed by Wagner arises from the Note and Deed of Trust" (Doc. 230 at 8).

1. A few courts, as will be discussed more fully in the text below, have even interpreted Rule 15 as *requiring* defendants to respond to amended pleadings. E.g., *Johnson v. Berry,* 228 F.Supp.2d 1071, 1079 (E.D.Mo.2002). Moore's Federal Practice, however, notes that "Even in those courts in which the failure to file a timely response to an amended pleading is considered to at least be a technical violation of Rule 15, the courts will rarely enforce a waiver as a result of this violation. Instead, so long as no other party is prejudiced, courts will usually relieve a party of the technical waiver and permit the party to make whatever responsive pleading is required to the amended pleading at a later time." James Wm. Moore, 3 *Moore's Federal Practice* § 15.17(5), at 15–83 to 15–84 (3d ed.2009).

Plaintiff argues that this change in wording amounts to an entirely new claim asserted against her, and that she will be prejudiced if required to respond to it (Doc. 230 at 8).

This argument also fails, though more explanation is required. While the Supreme Court made clear that defendants have a due process right to respond to amended complaints, it did not make clear whether that right includes the right to assert counterclaims (and if so, whether their scope must be limited to what was added to the complaint in the amendment). Rule 15(a)(3), which governs responses to amended pleadings, is ambiguous on this issue. Rule 15(a)(3) states: "Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading, or within ten days after service of the amended pleading, whichever is later." Rule 15(a)(3) provides a deadline for responding to an amended complaint (if a response is required), but does not state when a response is required or if the response may (or must) include available counterclaims. Rule 13, governing counterclaims, is also not helpful. Rule 13 requires a "pleading" to include compulsory counterclaims (i.e., those that arise from the same transaction or occurrence as the opposing party's claim) and permits a "pleading" to include permissive counterclaims. But it does not state whether a response to an amended complaint counts as a "pleading" within the meaning of the Rule, and thus sheds no light on the issue of whether or not a response to an amended complaint may (or must) include counterclaims.

Courts that have considered this issue have ruled quite differently. As the court in *Pereira v. Cogan,* 2002 WL 1822928, *2 (S.D.N.Y.2002) noted, "The case law addressing this particular situation . . . is all over the map." Several courts have held that defendants are not only permitted to file counterclaims in response to an amended complaint, but *must* file such counterclaims if they are to avoid losing them. In *General Mills, Inc. v. Kraft Foods Global, Inc.,* 495 F.3d 1378, 1378–1379 (2007) (On Petition for Rehearing), for example, the Court of Appeals refused to allow the Defendant to reassert a counterclaim that it failed to re-file after the Plaintiff amended its complaint. Explaining its decision, the court wrote:

> Although Kraft asserted a counterclaim against General Mills, Inc. ("General Mills") in response to the original complaint in this case, General Mills subsequently filed an amended complaint, which Kraft successfully moved to dismiss. We held that under these circumstances, Kraft's filing of its motion to dismiss did not toll its deadline to answer the amended complaint and reassert its counterclaim. Accordingly, we concluded that the district court did not abuse its discretion in refusing to permit Kraft to reassert the counterclaim after the motion to dismiss was granted.

*Id.* Similarly, in *Johnson v. Berry,* 228 F.Supp.2d 1071, 1079 (E.D.Mo.2002), the court ruled that a defendant "abandoned" its counterclaim when it failed to reassert it in response to an amended complaint. The court wrote,

> The last sentence of Fed.R.Civ.P. 15(a) requires a party to plead in response to an amended pleading. No option is given merely to stand on preexisting pleadings made in response to an earlier complaint. As the language of Rule 13(a) and (b) makes clear, a counterclaim is part of the responsive pleading. By failing to plead in response to the first amended complaint, and therein to replead his counterclaim, Berry abandoned his counterclaim, which effectively dropped from the case.

*Id.; see also Bancroft & Sons Co. v. Lowenstein & Sons Inc.,* 50 F.R.D. 415, 418–419 (D.Del.1970) ("[S]ince the amending pleader chooses to redo his original work, and receives the benefit of this nunc pro tunc treatment, he can hardly be heard to complain that claims filed against him are improper because they should have been asserted in response to his original pleading"). *But see Dunkin Donuts Inc. v. Romanias,* 2002 WL 32955492, *2 (W.D.Pa.2002) (Defendant was not required to reassert counterclaims in response to amended complaint). Under the interpretation of Rules 15(a) and 13(a) set forth in *General Mills, Inc.* and *Berry,* De-

fendant MortgageIT's Counterclaim in response to Plaintiff's Amended Complaint was not only proper, it was technically mandatory.

Although *General Mills, Inc.* and *Berry* interpreted Rules 15(a) and 13(a) as requiring defendants to plead counterclaims after a complaint is amended, a number of other courts have held that defendants *cannot* assert counterclaims in response to an amended complaint *unless* the amended complaint alters the theory or scope of the case. The Eighth Circuit adopted this rule in *Tralon Corp. v. Cedarapids, Inc.*, 966 F.Supp. 812, 832 (N.D.Iowa 1997) (quoting *Brown v. E.F. Hutton & Co. Inc.*, 610 F.Supp. 76, 78 (S.D.Fla.1985)), aff'd *Tralon Corp. v. Cedarapids, Inc.* 205 F.3d 1347 (8th Cir.2000):

> '[W]hen a plaintiff files an amended complaint which changes the theory or scope of the case, the defendant is allowed to plead anew as though it were the original complaint filed by Plaintiff.' ... The obvious corollary is that if an amended complaint does not change the theory or scope of the case, a decant [sic] must seek leave of court pursuant to Rule 15(a) before it can amend its answer to assert a counterclaim.

*See also Elite Entm't, Inc. v. Khela Bros. Entm't*, 227 F.R.D. 444, 446–448 (E.D.Va. 2005); *Regent Nat'l Bank v. Dealers Choice Automotive Planning, Inc.*, 1998 WL 961377 (E.D.Pa.1998); *Nolan v. City of Yonkers*, 1996 WL 120685, *4 (S.D.N.Y.1996) ("Defendants [do] not have a right to assert new counterclaims unrelated to the amendment in the answers ... in the same way that they had a right to assert counterclaims in their original answer."); *E.E.O. C. v. Morgan Stanley & Co., Inc.*, 211 F.R.D. 225, 227

(S.D.N.Y.2002) ("If every amendment, no matter how minor or substantive, allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause.").

Although courts have differed on the issue of whether or not defendants are required to assert counterclaims when responding to an amended complaint (and if so, whether the scope of such counterclaims is limited), this Court has found no authority that holds that a defendant cannot reassert a counterclaim in response to an amended complaint when the defendant already filed a substantially identical counterclaim in response to the Plaintiff's original complaint.[2] Nor has the Plaintiff offered authority that gives any support for that proposition. Plaintiff cites a single case, *Foreclosure Management Co. v. Asset Management Holdings, LLC*, 2008 WL 2222028 (D.Kan.2008), and it is wholly off-point. The defendant in *Foreclosure Management Co.* merely filed an amended counterclaim, not a counterclaim in response to an amended complaint. *See id.*

In this case, Plaintiff moved to strike a Counterclaim that was filed directly in response to Plaintiff's Amended Complaint, and which is nearly identical to the original counterclaim filed by the Defendant. The counterclaim at issue differs from the original counterclaim only in that it adds three factual allegations, and replaces the term "mortgage" with the term "Note and Deed of Trust." While Plaintiff states in a conclusory manner that she will be prejudiced by the inclusion of these minor changes, she does not explain how the prejudice will occur other than saying that she will be "required to

---

**2.** In *Owens–Illinois, Inc. v. Lake Shore Land Co., Inc.*, 610 F.2d 1185 (3d Cir.1979), the court refused to allow the defendant to assert a counterclaim in response to a "supplemental pleading" where the defendant had failed to previously assert it in response to the original complaint. But the court expressly distinguished its ruling from *Bancroft & Sons*, cited *supra*, on the ground that a "supplemental pleading" is not an "amendment to the complaint," and thus Rule 15(a) was not controlling. *Owens–Illinois, Inc.* is also distinguishable in that it considered a counterclaim that was raised for the very first time in response to the supplemental pleading. In this

case, the counterclaim that Plaintiff seeks to strike is substantially identical to a counterclaim that Defendant already properly filed. In an unpublished memorandum that is not precedent, *Porsboll v. Vaile*, 271 Fed.Appx. 669, 2008 WL 833010, *2 (9th Cir.2008), the Ninth Circuit upheld a district court's decision to not allow a defendant to assert a counterclaim in response to an amended complaint. Though not precedent, that ruling is any case distinguishable in that, as in *Owens–Illinois, Inc.*, the counterclaim at issue in *Porsboll* was raised for the very first time in response to the amended complaint.

brief and respond" (Doc. 230 at 8) and that the prejudice she will suffer is "self-evident" (Doc. 253 at 5). Because Plaintiff has offered no basis in either law or fact for her Motion to strike MortgageIT's Counterclaim and request for award of expenses, the Motion will be denied.

### 4. Defendant MortgageIT's Second Amended Answer, Counterclaim, Crossclaim, and Third–Party Complaint

■ MortgageIT's second Amended Answer, Counterclaim, Crossclaim, and Third–Party Complaint was entered into the file by the Clerk of the Court on July 17, 2009 (Doc. 322). Although it was filed after MortgageIT filed its March 10, 2009 Answer, Counterclaim, Crossclaim, and Third–Party Complaint (Doc. 216), it was initially proposed on October 10, 2008 (Doc. 123). In accordance with this order, denying Plaintiff's motion to strike MortgateIT's March 10, 2009 pleading, MortgageIT's July 17, 2009 pleading (Doc. 322) is moot. MortgageIT's March 10, 2009 pleading (Doc. 216) is therefore MortgageIT's governing pleading.

### 5. MortgageIT's Motion to Dismiss Plaintiff's Rescission Claim and Motion for Reconsideration of Order

■ MortgageIT's October 10, 2008 "Motion to Dismiss Plaintiff's Rescission Claim Or, In the Alternative, For An Order Requiring Plaintiff To Join Lehman Brothers Holding, Inc. & IndyMac Federal Bank, FSB" (Doc. 124) was filed in response to Plaintiff's original Complaint, and MortgateIT's November 3, 2008 Motion for Reconsideration of Order Dismissing IndyMac Bank (Doc. 135) was filed in response to an Order relating to Plaintiff's original Complaint. As both motions pertain to Plaintiff's original complaint and Plaintiff has since filed an Amended Complaint, both Motions are now moot.

The Court recognizes, however, that the defense that MortgageIT raised in its now moot motion to dismiss Plaintiff's rescission claim—that Plaintiff failed to join indispensable parties—remains relevant to the Amended version of Plaintiff's Complaint. MortgageIT has since reasserted the same

defense in both its Answer to Plaintiff's Amended Complaint (Doc. 216) and in its motion for partial summary judgment. The parties are advised that when that defense is considered by the Court in resolving MortgageIT's motion for partial summary judgment, the Court will also take into account the arguments raised in the prior, but now moot, briefing on the issue.

Accordingly,

**IT IS ORDERED** Plaintiff's Combined Motion to Strike and Award Expenses Pursuant to Rule 16(F) (Doc. 230) **IS DENIED.**

**FURTHER ORDERED** MortgageIT's March 10, 2009 Answer, Counterclaim, and Third–Party Complaint (Doc. 216) is MortgageIT's governing pleading. MortgageIT's July 17, 2009 Answer, Counterclaim, Crossclaim, and Third–Party Complaint (Doc. 322) is superceded by Doc. 216 and no longer relevant.

**FURTHER ORDERED** MortgageIT's Motion to Dismiss Plaintiff's Rescission Claim (Doc. 124) **IS DENIED** as moot.

**FURTHER ORDERED** MortgageIT's Motion for Reconsideration of Order Dismissing IndyMac Bank (Doc. 135) **IS DENIED** as moot.

