# In the United States Court of Federal Claims

No. 18-496
(Filed: 11 September 2019)
NOT FOR PUBLICATION

```
*****************************************
CHRISTINE E. STAHL,                      *
                                         *
                Plaintiff,               *    Pro Se Plaintiff; RCFC 52.2;
                                         *    Duration of Remand Proceedings.
v.                                       *
                                         *
THE UNITED STATES,                       *
                                         *
                Defendant.               *
                                         *
*****************************************
```

*Christine E. Stahl*, Tampa, FL, *pro se*.

*Sonia Williams Murphy*, United States Department of Justice, Civil Division, Washington, DC, for defendant.

## OPINION AND ORDER

**HOLTE**, Judge

On 27 December 2018, this Court granted in part and denied in part the government's Motion to Dismiss. *See* ECF No. 16, Memorandum Opinion and Order Granting in Part and Denying in Part the Government's Motion to Dismiss ("Order on MTD"). Plaintiff's only remaining claim for involuntary discharge was remanded for consideration to the Air Force Board for Correction of Military Records ("AFBCMR"). *Id.* at 13. The government was directed to report to the Court every 90 days on the status of the remand proceedings, and the parties were to file a Joint Status Report within 14 days of the AFBCMR's decision. *Id.* On 25 June 2019, the government filed the most recent status report, indicating that the AFBCMR proceedings started and are ongoing. ECF No. 26, Status Report.[1] To date, the AFBCMR has not rendered a decision.

On 5 July 2019, plaintiff filed Plaintiff's Motion to Terminate the Stay of Proceedings and Motion for an Order Granting Relief ("Pl.'s Mot. to Term. Stay") pursuant to the Rules of

---

[1] In a subsequent filing, the government indicated that the AFBCMR proceedings were assigned docket number BC-2019-02580 on 15 May 2019. ECF No. 28, Defendant's Opposition to Plaintiff's Motion to Terminate the Stay of Proceedings and for an Order Granting Relief at Attachment, ¶ 4 ("Def.'s Opp. to Mot. to Term. Stay").

the Court of Federal Claims ("RCFC") 7 and 52.2.  Plaintiff asserts that according to RCFC 52.2(b)(1)(B), "[a]n order remanding a case must establish the duration of the remand period, not to exceed 6 months."  Pl.'s Mot. to Term. Stay at 1 (emphasis omitted).   Plaintiff asserts that the AFBCMR "implicitly was granted the longest possible remand period" because "the duration of the remand period was not explicitly stated in [this Court's 27 December 2018] Order."  *Id.*  Now that six months from the 27 December 2018 Order remanding the involuntary discharge claim has passed, plaintiff requests "termination of stay of proceedings and initiation of an Order granting . . . relief from the AFBCMR in order to dispose of the case" under RCFC 52.2(c)(2) and RCFC 7.  *Id.* at 4.

On 22 July 2019, the government responded to plaintiff's 5 July 2019 Motion, opposing a lift of the stay.  *See generally* Def.'s Opp. to Mot. to Term. Stay.  On 26 July 2019, the government further filed Defendant's Motion to Extend Stay of Proceedings ("Def.'s Mot. to Ext. Stay") pursuant to RCFC 52.2(c)(1).  The government reiterates that the AFBCMR proceedings are ongoing and moves this Court, according to RCFC 52.2(c)(1), to extend the stay of proceedings for at least four months to allow the AFBCMR proceedings to reach a conclusion.  Def.'s Mot. to Ext. Stay at 1–2.

When interpreting the RCFC, the rules should be given their plain meaning.  *See General Mills, Inc. v. Kraft Foods Global, Inc.*, 495 F.3d 1378, 1379 (Fed. Cir. 2007) (construing multiple provisions of the Federal Rules of Civil Procedure together and stating *inter alia* "[f]ederal Rules should be given their plain meaning." (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 n. 9 (1978))).[2]  RCFC 52.2(b)(1)(B) states "[a]n order remanding a case must . . . establish the duration of the remand period, not to exceed 6 months."  RCFC 52.2(c)(1) permits the "extension of the stay" if the "administrative or executive body or official to whom the remand order is directed does not act on the remand within the period of stay specified in the remand order."  RCFC 52.2(c)(2) permits the "termination of the stay and the initiation of other proceedings under RCFC 7 to dispose of the case" if the "administrative or executive body or official to whom the remand order is directed does not act on the remand within the period of stay specified in the remand order."  Reading the three provisions together, RCFC 52.2(b)(1)(B) establishes only that a single remand order may not exceed a duration of six months; it does not prohibit an extension of the stay of proceedings on remand for a period extending beyond six months where the administrative or executive agency has yet to reach a decision on remand.

Here, the AFBCMR (the administrative or executive body or official) has not issued a decision on remand.  The government moved the Court, pursuant to RCFC 52.2(c)(1), for an extension of the stay to allow the AFBCMR to reach a decision.  Further, this case is unique in that plaintiff did not first submit a claim of involuntary discharge to the AFBCMR.[3]  As the

---

[2] This Court's interpretation of the RCFC is guided by case law interpreting the Federal Rules of Civil Procedure. *See* 2002 Rules Committee Note, Rules of the United States Court of Federal Claims (as amended July 1, 2019) (stating that "interpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure.").

[3] Plaintiff first filed a *pro se* Complaint in the United States District Court for the Middle District of Florida, Tampa Division.  The Case was then transferred to this Court.  ECF No. 16, Order on MTD at 4.

AFBCMR did not have an open case file or record on which to render a decision, a determination of the appropriate steps to initiate the remand proceedings was required. Therefore, the AFBCMR proceedings did not begin until May 2019 and have been ongoing for just over three months. Plaintiff has failed to show adequate justification for lifting the stay and denying the AFBCMR the opportunity to render a decision, particularly where plaintiff's failure to initially bring the claim before the AFBCMR is a primary cause of delay at this stage in the proceedings. The government, however, has shown good cause as to why the stay should be extended in view of the AFBCMR proceedings, as a decision is anticipated in the coming months.

Accordingly, Plaintiff's Motion to Terminate the Stay of Proceedings and Motion for an Order Granting Relief is **DENIED**. Pursuant to RCFC 52.2(c)(1), the government's Motion to Extend Stay of Proceedings is hereby **GRANTED**. The stay of proceedings is extended for an additional four months until **11 January 2020**. The Court does not reach the remaining issues seeking an order granting relief raised in plaintiff's Motion to Terminate the Stay of Proceedings and Motion for an Order Granting Relief. The government shall continue to file a status report every 90 days, with the next report being due 23 September 2019. The parties are still to file a Joint Status Report, within 14 days of the AFBCMR's decision, advising the Court whether: (1) the remand affords a satisfactory basis for disposition of the case; or (2) further proceedings are required. If the AFBCMR has not issued a decision by 11 January 2020, the parties shall once again follow the procedures set forth in RCFC 52.2(c).

**IT IS SO ORDERED.**

_____
Ryan T. Holte
Judge